UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-26058-LMR

**Frank E. Polo, Sr.**,

    Plaintiff, *pro se*,

v.

**Juan Fernandez-Barquin**, *in his official capacity*;
**Scott Marcus Bernstein;**
**St. Thomas University, Inc.**

    Defendants.

_____/

**ORDER REGARDING JURISDICTION**

Pursuant to Administrative Order 2025-11, this case has been assigned to the Undersigned United States Magistrate Judge ("MJ") as the presiding Judge for all purposes in this case, including entering a dispositive order, presiding over any trial, and entering a final judgment. The Administrative Order permits any party to "opt out [of MJ jurisdiction] by filing a motion for case reassignment" within the deadline outlined below.

Any party is free to opt out of MJ jurisdiction without any adverse consequences whatsoever. If any party opts out of MJ jurisdiction by filing a motion for case reassignment, then a United States District Judge will be assigned to preside over this case (including any trial) and enter any dispositive order and final judgment.

If the parties consent to have the case handled by the Undersigned by not timely filing a motion for case reassignment, then the Undersigned will enter all orders, preside over any trial, and render a final decision and judgment in due course. Any appeal of this judgment must be taken directly to the Eleventh Circuit Court of Appeals. If any party timely files a motion for case reassignment, then the Undersigned will still remain assigned to the case and preside over any

matters referred by the District Judge, who will enter a final decision and, if appropriate, a judgment. An appeal from that judgment is taken to the Eleventh Circuit.

If no party files a motion for case reassignment within **fourteen (14) days** from the date of this Order (or, in the case of a defendant, within 14 days from the defendant filing *any* document with the Court), then this case shall proceed in full before the Undersigned for all purposes, including any trial, entering any dispositive order, and, if appropriate, a final judgment. The motion for case reassignment does not need to be supported by a memorandum of law and does not require a Local Rule 7.1 conferral certification.

A party's continued filing of documents in the case, without first filing a timely motion for case reassignment, shall additionally be deemed as consent by that party to the Undersigned's MJ jurisdiction over all aspects of the litigation, including any trial and the entry of a dispositive order and final judgment.

**SIGNED** this 29th day of December, 2025.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE