# UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

## (Miami Civil Division)

FILED BY_ꓕꓤꓩꓛꓳ_D.C.

**MAR 2 5 2026**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

| | |
|---|---|
| **FRANK POLO**<br>    Plaintiff, | )<br>)<br>)<br>) |
| v. | ) **CASE NO:**____25-cv-26058___/ |
| **JUAN FERNANDEZ BARQUIN, et al.** | )<br>)<br>)<br>) |
| Defendants,<br>_____/ | )<br>)<br>) |

## PLAINTIFF'S MOTION FOR DISQUALIFICATION AND RECUSAL OF THE HONORABLE DARRIN P. GAYLES

Plaintiff, Frank E. Polo, Sr., proceeding pro se, respectfully moves for the recusal of the Honorable Darrin P. Gayles and reassignment of this case pursuant to **28 U.S.C. § 455(a)** and **28 U.S.C. § 455(b)(4)**, and states:

## § 1. INTRODUCTION

1. Under **28 U.S.C. § 455(a)**, a federal judge must disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

2. Under **28 U.S.C. § 455(b)(4)**, recusal is also required where the judge knows that he has a financial interest in a party, or any other interest that could be substantially affected by the outcome of the proceeding.

3. This motion is based principally on the Presiding Judge's current compensated relationship with a named Defendant, ST. THOMAS UNIVERSITY, INC. ("STU"), and secondarily on the Presiding Judge's long professional association with Defendant SCOTT M. BERNSTEIN,

*Case No. 25-cv-26058*
*Polo, et al, V. Barquin, et al.*

together with additional publicly documented professional and social associations involving Defendant Bernstein and his husband, Judge David Young.

4.   Plaintiff does not base this motion on disagreement with any prior ruling of the Court. This motion instead arises from extrajudicial facts discovered by Plaintiff on **MARCH 24, 2026**, through Plaintiff's own inquiry into the relationship between the Presiding Judge and the Defendants.

## § 2. RELEVANT FACTS

5.   Defendant STU is a named Defendant in this action. *See* **EXHIBIT C**.

6.   On **MARCH 24, 2026**, Plaintiff conducted an inquiry into the relationship between the Presiding Judge and the litigants and learned that Judge Gayles is publicly listed as an Adjunct Professor at the STU Benjamin L. Crump College of Law. *See* **EXHIBIT A**.

7.   Upon information and belief, an adjunct professor position is a compensated position. At a minimum, it reflects a current formal professional and economic relationship between the Presiding Judge and Defendant STU. *See* **EXHIBIT A**.

8.   Plaintiff also identified a public ST. THOMAS UNIVERSITY COLLEGE OF LAW post dated **APRIL 9, 2025**, stating that STU hosted a lunch-and-learn presentation featuring the Honorable Darrin P. Gayles of the Southern District of Florida. The post described Judge Gayles as addressing students on career paths, mentorship, and networking. Plaintiff relies on this public post as additional evidence of an active and publicly promoted relationship between the Presiding Judge and Defendant STU. *See* **EXHIBIT B**.

9.   Defendant SCOTT M. BERNSTEIN is also a named Defendant in this action. *See* **EXHIBIT C**.

*Case No. 25-cv-26058*
*Polo, et al, V. Barquin, et al.*

10. Judge Gayles's own sworn Senate Judiciary Committee Questionnaire reflects that he served at the ELEVENTH JUDICIAL CIRCUIT OF FLORIDA for approximately ten years and also stated that he had sua sponte recused himself in a few cases where he knew a litigant or witness. *See* **EXHIBIT D**.

11. On **MARCH 24, 2026**, Plaintiff discovered additional publicly available information reflecting that Defendant Scott Bernstein, his husband, Judge David Young, and Judge Darrin P. Gayles were associated through the INTERNATIONAL ASSOCIATION OF LGBTQ+ JUDGES. *See* **EXHIBITS E AND F**.

12. In a public message posted on that organization's official website, the association stated that, during its prior Miami meeting, "Miami members David Young and Scott Bernstein graciously opened their lovely home" for an association gathering. *See* **EXHIBIT E**.

13. The same organization's materials also identified Judge Darrin P. Gayles as one of its members. *See* **EXHIBIT F**.

14. Plaintiff relies on the facts set out in paragraphs 11 through 13 only as evidence of publicly documented association membership and social or professional contact among persons connected to this case, which further strengthens the objective appearance concerns already set out in this motion.

15. On **MARCH 24, 2026**, Plaintiff also identified additional public MIAMI BEACH BAR ASSOCIATION materials reflecting that Defendant Scott Bernstein and Judge Darrin P. Gayles were each publicly featured by that organization at different times, including posts dated **MARCH 10, 2015**, **APRIL 29, 2016**, and **OCTOBER 29, 2025**. Plaintiff relies on these materials only as

*Case No. 25-cv-26058*
*Polo, et al, V. Barquin, et al.*

further public evidence of overlapping professional associations among persons connected to Defendant Bernstein. *See* **EXHIBIT G**.

16. Plaintiff identified additional public materials showing that Judge Darrin P. Gayles and Judge David Young appeared together as featured speakers on a **JUNE 25, 2020** legal panel titled "Pride in the Law: Celebrating the LGBTQ Community in the Legal Profession." Plaintiff also identified a **JUNE 1, 2016** MIAMI BEACH BAR ASSOCIATION post depicting Judge David Young and Judge Gayles together at an MBBA commemorative event. Plaintiff relies on these materials only as further public evidence of ongoing professional familiarity and association among persons connected to Defendant Bernstein. See **EXHIBIT H**.

17. Plaintiff cites Judge Gayles's sworn Senate Judiciary Committee Questionnaire not as an independent legal standard, but as a factual indication that Judge Gayles himself has publicly recognized that personal familiarity with a litigant or witness can create recusal concerns in at least some circumstances. See **EXHIBIT D**.

18. Plaintiff discovered the foregoing facts on **MARCH 24, 2026**, through his own inquiry into the relationship between the Presiding Judge and the litigants.

19. Plaintiff has raised this issue promptly after that discovery.

## § 3. LEGAL STANDARD

20. **28 U.S.C. § 455(a)** requires recusal where an objective, fully informed observer would reasonably question the judge's impartiality. The standard is not actual bias; it is appearance of impartiality.

*Case No. 25-cv-26058*
*Polo, et al, V. Barquin, et al.*

21. **28 U.S.C. § 455(b)(4)** separately requires recusal where a judge knows that he has a financial interest in a party or any other interest that could be substantially affected by the outcome of the proceeding.

22. Public confidence in the judiciary requires avoidance not only of actual impropriety, but also of circumstances that would cause a reasonable person to question impartiality.

## § 4. ARGUMENT
### I. RECUSAL IS REQUIRED UNDER 28 U.S.C. § 455(A) BECAUSE THE PRESIDING JUDGE'S IMPARTIALITY MIGHT REASONABLY BE QUESTIONED

23. STU is not some remote nonparty mentioned in the background of the case. STU is a named Defendant. See **EXHIBIT C.**

24. The Presiding Judge is publicly identified as serving as an Adjunct Professor at STU's law school. That is a current institutional relationship with a party presently before the Court. See **EXHIBIT A.**

25. The public STU post dated **APRIL 9, 2025** further reflects that Judge Gayles maintained an active and publicly promoted relationship with Defendant STU. See **EXHIBIT B.**

26. A reasonable observer, fully informed of the facts, could question the impartiality of a judge who is simultaneously adjudicating claims against an entity with which he maintains an ongoing compensated professional relationship. *See* **EXHIBITS A AND B.**

27. Even apart from whether that relationship qualifies as a statutory "financial interest" in the narrowest technical sense, a present employment or compensated affiliation with a named party is more than enough to create an appearance problem under **28 U.S.C. § 455(a).**

28. That appearance problem is strengthened, not weakened, by the fact that another named Defendant is a former long-term judicial colleague of the Presiding Judge. *See* **EXHIBIT D.**

29. Plaintiff does not contend that prior professional overlap alone automatically mandates recusal. But when a current compensated relationship with one named Defendant is combined with a long professional association with another named Defendant, together with additional publicly documented professional and social associations among persons connected to Defendant Bernstein, the cumulative effect is sufficient to cause a reasonable person to question impartiality. *See* **EXHIBITS A THROUGH H.**

30. The INTERNATIONAL ASSOCIATION OF LGBTQ+ JUDGES materials and MIAMI BEACH BAR ASSOCIATION materials are not offered to suggest that shared membership or event participation alone requires recusal. Rather, they are offered only as additional public evidence that the Presiding Judge's professional and social associations overlap with Defendant Bernstein and Judge David Young in a way that strengthens the cumulative appearance concern. *See* **EXHIBITS E, F, G, AND H.**

## II. RECUSAL IS INDEPENDENTLY SUPPORTED UNDER 28 U.S.C. § 455(B)(4)

31. **28 U.S.C. § 455(b)(4)** reaches not only direct financial interests, but also any other interest that could be substantially affected by the outcome of the proceeding.

32. The Presiding Judge's current affiliation with STU is, at a minimum, an ongoing professional and economic relationship with a named party. *See* **EXHIBITS A AND B.**

33. The Court need not decide in this motion whether that relationship constitutes a disqualifying "financial interest" in the technical ownership sense, because the statute also reaches other interests that could be substantially affected by the outcome.

34. Where a judge currently teaches for, is affiliated with, and is compensated by a named institutional party, a reasonable argument exists that the judge's relationship with that institution

is an interest that could be substantially affected by litigation in which the institution itself is accused of wrongdoing. *See* **EXHIBITS A AND B**.

35. At minimum, those facts are sufficient to require recusal under **28 U.S.C. § 455(a)**, and they also substantially support recusal under **28 U.S.C. § 455(b)(4)**.

### III. PLAINTIFF DOES NOT BASE THIS MOTION ON ADVERSE RULINGS

36. Plaintiff does not seek recusal merely because the Court ruled against him.

37. The grounds for this motion are the Presiding Judge's extrajudicial relationships with named Defendants and the resulting appearance of partiality.

## § 5. TIMELINESS

38. Plaintiff discovered the factual basis for this motion on **MARCH 24, 2026**, through his own inquiry into the relationship between the Presiding Judge and the litigants.

39. Plaintiff has raised this issue promptly after that discovery.

40. Plaintiff therefore brings this motion without undue delay and as soon as practicable after learning the relevant facts.

## § 6. CONCLUSION

41. This case names STU and Scott M. Bernstein as Defendants. *See* **EXHIBIT C**.

42. The Presiding Judge has a current professional and compensated affiliation with STU. *See* **EXHIBITS A AND B**.

43. The Presiding Judge's own sworn Senate Judiciary Committee Questionnaire reflects both his lengthy service in the ELEVENTH JUDICIAL CIRCUIT OF FLORIDA and his prior recognition that recusal may be appropriate where he knows a litigant or witness. *See* **EXHIBIT D**.

*Case No. 25-cv-26058*
*Polo, et al, V. Barquin, et al.*

44. Additional public materials further reflect overlapping professional and social associations involving Judge Gayles, Defendant Bernstein, and Judge David Young. *See* **EXHIBITS E, F, G, AND H.**

45. Viewed objectively and cumulatively, these facts would cause a reasonable person to question the Court's impartiality.

46. For that reason, recusal is required under **28 U.S.C. § 455(a)**, and is independently supported by **28 U.S.C. § 455(b)(4)**.

**WHEREFORE**, Plaintiff respectfully requests that the Honorable Darrin P. Gayles recuse himself from further proceedings in this action and that the case be reassigned to a different District Judge.

Dated: **March 25, 2026**

Respectfully submitted,

By: _____
Frank E. Polo, Sr.
Plaintiff, pro se

## DECLARATION

I, Frank Polo, declare under penalty of perjury under the laws of the United States of America, pursuant to **28 U.S.C. § 1746**, that the factual statements in this motion are true and correct to the best of my knowledge.

By: _____
Frank E. Polo, Sr.
Plaintiff, pro se

## CERTIFICATE OF SERVICE

*Case No. 25-cv-26058*
*Polo, et al, V. Barquin, et al.*

47. I hereby certify that a true and correct copy of the foregoing was filed in person on this 25 March 2026, and a copy of the foregoing will be served upon Plaintiff and all counsel of record via CM/ECF.

By: _____
Frank E. Polo, Sr.
Plaintiff, pro se

## CERTIFICATE OF CONFERRAL (S.D. FLA. L.R. 7.1(a)(3))

Pursuant to Local Rule 7.1(a)(3) of the Southern District of Florida, I hereby certify that I have conferred with counsel for the Defendants in a good faith effort to resolve the issues raised in this Motion.

At the time of this filing, only one Defendant has voluntarily waived service of process. I conferred with counsel for said Defendant via email on March 24, 2026. Counsel has indicated that the Defendant, who has waived service, does not agree with the relief requested herein and opposes the Motion.

Regarding the remaining Defendants who have not yet waived service or been formally served, Plaintiff will confer with their respective counsel once they have made an appearance in this matter, should the issues remain unresolved.

By: _____
Frank E. Polo, Sr.
Plaintiff, pro se
1475 SW 8th St. Apt. 411
Miami, FL. 33135
Phone: 305-901-3360
E-Mail: Frank.Polo@msn.com

*Case No. 25-cv-26058*
*Polo, et al, V. Barquin, et al.*