# UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA
## (Miami Civil Division)

FILED BY _____ D.C.

MAR 2 5 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

| | |
|---|---|
| **FRANK POLO**<br>Plaintiff, | ) ) ) ) |
| v. | ) CASE NO: _____ 25-cv-26058 __ / |
| **JUAN FERNANDEZ BARQUIN, et al.** | ) ) ) ) |
| Defendants, _____ / | ) ) ) ) |

## PLAINTIFF'S MOTION TO STAY OR EXTEND DEADLINE TO FILE MOTION FOR LEAVE TO AMEND

Plaintiff, Frank E. Polo, Sr., proceeding pro se, respectfully moves for an order staying or extending the current deadline to file a motion for leave to amend, and states:

1. On **March 19, 2026**, the Court entered an order dismissing Count 1 with prejudice and permitting Plaintiff to file a motion for leave to amend on or before **April 2, 2026**.

2. Because that order did not dispose of all claims as to all parties, Plaintiff understands it to be interlocutory rather than a final judgment.

3. Plaintiff intends to file a motion for reconsideration or revision of the **March 19, 2026** order under Federal Rule of Civil Procedure 54(b).

4. Rule 54(b) provides that any order adjudicating fewer than all claims or the rights and liabilities of fewer than all parties does not end the action and may be revised at any time before entry of final judgment adjudicating all claims and all parties' rights and liabilities.

5. Plaintiff also has a pending motion to recuse.

6.  Good cause exists to stay or extend the **April 2, 2026** deadline for leave to amend.

7.  Plaintiff is proceeding pro se and has limited resources and litigation capacity.

8.  Plaintiff has been required to devote substantial time to researching and preparing multiple overlapping matters, including the pending motion to recuse and the contemplated Rule 54(b) motion seeking reconsideration of the **March 19, 2026** order.

9.  These issues are interrelated. The ruling on the recusal motion may affect which judicial officer addresses further proceedings, and the ruling on the Rule 54(b) motion may affect whether amendment is necessary at all, or may materially affect the scope of any proposed amendment.

10. Requiring Plaintiff to prepare and file a motion for leave to amend by **April 2, 2026**, before the Court rules on the pending recusal motion and before Plaintiff files and receives a ruling on the contemplated Rule 54(b) motion, risks unnecessary duplication, inefficiency, and prejudice.

11. Federal Rule of Civil Procedure 6(b)(1) authorizes the Court, for good cause, to extend deadlines set by court order when a request is made before the original time expires.

12. The Southern District of Florida's Local Rules also specifically contemplate motions for extensions of time where the good cause supporting the request is set forth in the motion.

13. Plaintiff makes this request in good faith and not for purposes of delay, but to allow orderly presentation of interrelated matters and to avoid piecemeal and potentially unnecessary filings.

14. Plaintiff respectfully requests that the Court stay the **April 2, 2026** deadline and permit Plaintiff to file any motion for leave to amend within **10 days after** the Court rules on Plaintiff's pending motion to recuse and Plaintiff's Rule 54(b) motion for reconsideration.

**WHEREFORE**, Plaintiff respectfully requests that the Court:

*Case No. 25-cv-26058*
*Polo, et al. V. Barquin, et al.*

A. stay or extend the current **April 2, 2026** deadline to file a motion for leave to amend;

B. permit Plaintiff to file any motion for leave to amend within **10 days after** the Court rules on Plaintiff's pending motion to recuse and Plaintiff's forthcoming Rule 54(b) motion for reconsideration; and

C. grant such other and further relief as the Court deems just and proper.

Dated: **March 25, 2026**

Respectfully submitted,

By: _____
Frank E. Polo, Sr.
Plaintiff, pro se

## CERTIFICATE OF SERVICE

15. I hereby certify that a true and correct copy of the foregoing was filed in person on this **25 March 2026**, and a copy of the foregoing will be served upon Plaintiff and all counsel of record via CM/ECF.

By: _____
Frank E. Polo, Sr.
Plaintiff, pro se

## CERTIFICATE OF CONFERRAL (S.D. FLA. L.R. 7.1(a)(3))

Pursuant to Local Rule 7.1(a)(3) of the Southern District of Florida, I hereby certify that I have conferred with counsel for the Defendants in a good faith effort to resolve the issues raised in this Motion.

At the time of this filing, only one Defendant has voluntarily waived service of process. I conferred with counsel for said Defendant via email on March 24, 2026. Counsel has indicated that the Defendant, who has waived service, does not agree with the relief requested herein and opposes the Motion.

*Case No. 25-cv-26058*
*Polo, et al, V. Barquin, et al.*

Regarding the remaining Defendants who have not yet waived service or been formally served, Plaintiff will confer with their respective counsel once they have made an appearance in this matter, should the issues remain unresolved.

By: _____

Frank E. Polo, Sr.
Plaintiff, pro se
1475 SW 8th St. Apt. 411
Miami, FL. 33135
Phone: 305-901-3360
E-Mail: Frank.Polo@msn.com

Case No. 25-cv-26058
*Polo, et al, V. Barquin, et al.*