# UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

(Miami Civil Division)

| | |
|---|---|
| **FRANK POLO**<br>      Plaintiff, | ) |
| | ) |
| | ) |
| | ) |
| v. | ) **CASE NO:**____25-cv-26058___/ |
| | ) |
| **JUAN FERNANDEZ BARQUIN, et al.** | ) |
| | ) |
| | ) |
| Defendants, | ) |
| _____/ | ) |
| | ) |

FILED BY____M____D.C.

MAR 3 1 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## PLAINTIFF'S MOTION TO REVISE INTERLOCUTORY ORDER DISMISSING COUNT I PURSUANT TO FED. R. CIV. P. 54(b)

Plaintiff, Frank E. Polo, Sr., proceeding pro se, respectfully moves under Federal Rule of Civil Procedure 54(b) to revise the Court's **March 19, 2026** Order dismissing **COUNT I** with prejudice. ECF No. 23; see **EXHIBIT 1**. **COUNT I** should be reinstated, or, at a minimum, the dismissal with prejudice should be revised to without prejudice and leave to amend should be granted. In support, Plaintiff states as follows:

## § 1.      RELEVANT BACKGROUND

1. In the Amended Complaint, **COUNT I** asserted a claim under 42 U.S.C. § 1983 against Defendant Fernandez-Barquin in his official capacity and sought only prospective declaratory and injunctive relief for an ongoing practice of rejecting Plaintiff's filings before docketing them in Miami-Dade Family Case No. 2012-017787-FC-04. See **EXHIBIT 5**.

2. **COUNT I** did not seek damages. It sought prospective relief to restore a ministerial docketing path and access to judicial review. See **EXHIBIT 5**.

3. The Amended Complaint also expressly alleged ongoing irreparable harm and lack of an adequate remedy at law. See **EXHIBIT 5**.

4. On **March 5, 2026**, the Magistrate Judge issued a Report and Recommendation recommending dismissal of **COUNT I** with prejudice. ECF No. 20; see **EXHIBIT 2**.

5. As to **COUNT I**, the Report reasoned that the Clerk was entitled to absolute quasi-judicial immunity because Plaintiff alleged that his filing rights had been restricted in state court and that the Clerk's refusals were taken "pursuant to court order." See **EXHIBIT 2**.

6. Plaintiff timely filed objections. ECF No. 22; see **EXHIBIT 3**. As relevant here, Plaintiff objected that:

A) the underlying **2017** state-court order required Florida Bar review before filing but did not direct the Clerk to automatically reject, block, or prevent filings from being docketed;

B) the Clerk's pre-docket blocking mechanism was an independent administrative practice, not the mere execution of a specific judicial command;

C) **COUNT I** sought prospective declaratory and injunctive relief for an ongoing practice, not damages; and

D) even if the Clerk were treated as a judicial officer for some purposes, § 1983 does not bar declaratory relief.

7. On **March 19, 2026**, the Court entered an Order stating that it conducted de novo review, "agrees with Judge Reid's well-reasoned analysis," adopted the Report in full, and dismissed **COUNT I** with prejudice. ECF No. 23; see **EXHIBIT 1**.

## § 2.      RULE 54(B) STANDARD

8. Under Rule 54(b), any interlocutory order adjudicating fewer than all claims "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

9. The Court's **March 19, 2026** Order is interlocutory because the Court dismissed COUNTS II-VI without prejudice, authorized Plaintiff to seek leave to file a second amended complaint by **April 2, 2026**, and closed the case only for administrative purposes. See **EXHIBIT 1**.

10. Revision under Rule 54(b) is appropriate to correct manifest errors of law or fact and to prevent manifest injustice.

## § 3.      ARGUMENT

### A. THE COURT DISMISSED COUNT I WITH PREJUDICE WITHOUT ANALYZING THE AVAILABILITY OF PROSPECTIVE RELIEF UNDER THE THEORY IT ACTUALLY FACED.

11. **COUNT I** was not a damages claim. It was expressly pleaded as a claim for prospective declaratory and injunctive relief only. See **EXHIBIT 5**.

12. The Amended Complaint alleged an ongoing refusal to accept and docket filings through the Clerk's case maintenance system, alleged continuing denial of access to judicial review, and alleged that Plaintiff lacked an adequate remedy at law for that ongoing deprivation. See **EXHIBIT 5**.

13. Despite the nature of the claim actually pleaded, the Report moved directly from quasi-judicial-immunity authorities to the conclusion that **COUNT I** must be dismissed with prejudice. See **EXHIBIT 2**.

14. The Court then adopted that analysis in full without separate discussion. See **EXHIBIT 1**.

15. That was legal error. A conclusion that **COUNT I** is futile required analysis of whether a properly pleaded amendment could state a viable claim for prospective declaratory or injunctive relief against an ongoing official practice.

16. The Court never performed that analysis.

17. If the Court concluded that prospective relief was unavailable because Plaintiff had an adequate remedy at law, then dismissal with prejudice required the Court to identify and apply that governing standard. Neither the Report nor the adoption order did so. See **EXHIBIT 1**; **EXHIBIT 2**.

18. Put differently, the Court declared futility without addressing the very legal question that would determine futility: whether prospective declaratory relief remained available notwithstanding the R&R's immunity rationale.

19. That omission matters because Plaintiff specifically pleaded ongoing harm, lack of an adequate remedy at law, and the need for declaratory and injunctive relief. See **EXHIBIT 5**.

20. Because the Court dismissed **COUNT I** with prejudice while allowing amendment as to COUNTS II-VI, the omission of the above analysis had concrete consequences. Plaintiff was denied any opportunity to replead **COUNT I** in a narrower form despite unresolved issues concerning the scope of the order, the nature of the Clerk's conduct, and the continued availability of declaratory relief. See **EXHIBIT 1**.

21. **COUNT I** therefore should not have been dismissed with prejudice on the present analysis.

## B. THE COURT FAILED TO ADDRESS PLAINTIFF'S SPECIFIC OBJECTION THAT THE CLERK'S BLOCKING MECHANISM EXCEEDED THE UNDERLYING ORDER.

22. The R&R treated the Clerk's conduct as if it were automatically protected because it was supposedly taken "pursuant to court order." See **EXHIBIT 2**.

23. Plaintiff's objections raised a narrower and materially different point: the **October 24, 2017** state-court order required Florida Bar review before filing, but did not expressly direct the Clerk to reject filings, block docketing, place submissions in a correction queue, or use the Clerk's case maintenance system as a pre-screening device. See **EXHIBIT 3; EXHIBIT 4**.

24. Plaintiff specifically objected that this distinction matters because quasi-judicial immunity extends to acts a clerk is specifically required to perform under court order or a judge's direction, not to separate administrative enforcement mechanisms independently implemented by the Clerk. See **EXHIBIT 3**.

25. The Court's adoption order did not address that objection. It stated only that the Court conducted de novo review and adopted the Report in full. See **EXHIBIT 1**.

26. That omission was material. Because Plaintiff challenged the premise that the Clerk's conduct was actually mandated by the underlying order, the Court could not properly conclude, without further analysis, that the challenged conduct was automatically protected or that amendment would necessarily be futile.

## C. PLAINTIFF'S EXHIBITS CONFIRM THAT THE CLERK USED A PRE-DOCKET BLOCKING MECHANISM NOT EXPRESSLY REQUIRED BY THE OCTOBER 24, 2017 ORDER.

27. Plaintiff's exhibits confirm the precise distinction raised in his objections.

28. The **October 24, 2017** order did not direct the Clerk to reject filings, block docketing, place submissions in a correction queue, or use the Clerk's case maintenance system as a pre-screening device. The order stated only that Plaintiff could not file further pleadings, motions, or letters in that matter without prior review by a member of The Florida Bar. See **EXHIBIT 4**.

29. Yet portal alerts dated **January 2, 2026**, **February 13, 2026**, and **February 25, 2026** show filings being moved to the "Correction Queue" with the explanation that they were "barred by order of court or otherwise incapable of being filed in the clerk's case maintenance system." See **EXHIBIT 6**; **EXHIBIT 7**; **EXHIBIT 8**.

30. Those alerts reflect a clerk-administered pre-docket blocking regime through the filing system itself, not merely the ministerial execution of the text of the **October 24, 2017** order. See **EXHIBIT 6**; **EXHIBIT 7**; **EXHIBIT 8**.

31. Because the order itself does not expressly command that mechanism, the Court could not properly conclude on the present record that the challenged conduct was automatically protected as a quasi-judicial act performed pursuant to direct judicial command. See **EXHIBIT 4**; **EXHIBIT 6**; **EXHIBIT 7**; **EXHIBIT 8**.

32. At minimum, that unresolved distinction defeats a finding that amendment of **COUNT I** would be futile.

### D. THE COURT FAILED TO ADDRESS PLAINTIFF'S ARGUMENT THAT DECLARATORY RELIEF REMAINED AVAILABLE.

33. Plaintiff also objected that the R&R's immunity analysis failed to address the nature of the relief sought. See **EXHIBIT 3**.

34. Plaintiff specifically argued that even if the Clerk were characterized as a judicial officer for purposes of 42 U.S.C. § 1983, the statute's text does not eliminate declaratory relief itself. See **EXHIBIT 3**.

35. The R&R did not engage that issue. The adoption order did not engage it either. See **EXHIBIT 1**; **EXHIBIT 2**.

36. Yet **COUNT I** expressly requested a declaration that the ongoing refusal to accept and docket filings through the Clerk's system violates the First and Fourteenth Amendments. See **EXHIBIT 5**.

37. By dismissing **COUNT I** with prejudice without addressing whether declaratory relief remained available, the Court failed to determine whether at least part of **COUNT I** stated, or could state through amendment, a viable claim for prospective relief.

38. That omission independently makes dismissal with prejudice premature.

### E. THE COURT'S FUTILITY DETERMINATION WAS PREMATURE BECAUSE PLAINTIFF'S ALLEGATIONS OF NO ADEQUATE REMEDY AT LAW WERE NOT HYPOTHETICAL.

39. Plaintiff's Amended Complaint alleged that he lacked an adequate remedy at law. See **EXHIBIT 5**.

40. If the Court concluded that prospective relief was unavailable because state appellate procedures supplied an adequate alternative remedy, then that conclusion required actual analysis of whether those remedies were meaningful in practice.

41. The Order and the R&R did not perform that analysis. See **EXHIBIT 1**; **EXHIBIT 2**.

42. Plaintiff is not asking this Court to sit in appellate review of any state-court or state-appellate ruling. Plaintiff references this history only to show that the existence of state remedies

in theory did not translate into a meaningful corrective process in practice. Plaintiff's point is not that this Court should overturn those rulings. Plaintiff's point is that COUNT I could not be dismissed as futile on the assumption that state procedures were adequate without analyzing the record showing Plaintiff's unsuccessful efforts to obtain relief through those procedures.

43. Plaintiff's own appellate history, referenced here only to show why futility could not be resolved categorically, illustrates why the issue required analysis rather than assumption.

44. In Plaintiff's **February 27, 2023** initial brief, Plaintiff argued that the trial court lacked jurisdiction to entertain attorney's fees after final judgment where the time for rehearing had lapsed and the operative final judgment did not reserve jurisdiction to adjudicate those fees. See **EXHIBIT 9**.

45. In its **August 30, 2023** authored opinion, the appellate court stated that the reservation contained in the operative final judgment was sufficient to vest the trial court with jurisdiction to award post-judgment fees, that fees in family-law cases may be awarded "from time to time" under section 61.16(1), and that "competent, substantial evidence in the form of billing records and testimony bearing on the reasonable hours expended, hourly rate, and available resources support the fee award." See **EXHIBIT 10**.

46. Plaintiff then moved for rehearing and rehearing en banc on **September 15, 2023**, specifically arguing that Plaintiff had never claimed the jurisdictional defect arose from Rule 1.525, that **Juhl** was materially distinguishable because the judgments in **Juhl** expressly reserved jurisdiction to consider fee claims, and that the operative final judgment in Plaintiff's case did not reserve jurisdiction to adjudicate post-judgment attorney's fees in the manner described by the appellate opinion. See **EXHIBIT 11**.

47. Plaintiff also argued in rehearing that Plaintiff was not claiming the fee award failed for lack of billing records or testimony on hours and rate. Rather, Plaintiff argued that if fees were being awarded under section 61.16 or section 742.045, the lower court still had to make the required determination regarding the mother's need for fees and the father's ability to pay, and that those required findings and supporting evidence were absent. See **EXHIBIT 11**.

48. The operative final judgment dated **July 15, 2015** states that each party shall bear his or her own attorney's fees and costs and retains jurisdiction to enforce the settlement agreement. See **EXHIBIT 12**.

49. Whether Plaintiff is ultimately correct on every aspect of that appellate history is not the point of this Motion. The point is narrower: Plaintiff's allegation that appellate remedies were not adequate could not be dismissed as futile without analysis, especially where Plaintiff contends that the appellate court resolved the issues through rationales Plaintiff did not advance and that Plaintiff then challenged in rehearing as inconsistent with both the face of the operative final judgment and Plaintiff's actual argument concerning the required findings of need and ability to pay. See **EXHIBIT 9**, **EXHIBIT 10**, **EXHIBIT 11**, and **EXHIBIT 12**.

## F. DISMISSAL WITH PREJUDICE WAS PREMATURE.

50. The Court allowed Plaintiff an opportunity to seek leave to amend COUNTS II-VI, but dismissed **COUNT I** with prejudice. See **EXHIBIT 1**.

51. That harsher treatment of **COUNT I** rested on a legal theory that did not fully account for:

A) the prospective-only nature of the relief sought;

B) Plaintiff's pleaded allegation that no adequate remedy at law existed;

C) Plaintiff's objection that the Clerk's blocking mechanism was not expressly required by the underlying order;

D) Plaintiff's argument that declaratory relief was not eliminated by the R&R's immunity discussion; and

E) Plaintiff's allegation that no adequate remedy at law existed was not analyzed against the appellate history reflected in **EXHIBITS 9-12**.

52. Because those issues were not analyzed, the record does not support a conclusion that no amendment could possibly cure **COUNT I**.

53. At a minimum, the Court should revise the Order to dismiss **COUNT I** without prejudice and permit Plaintiff to seek leave to replead **COUNT I** in a more targeted form.

## § 4.   RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that the Court revise its interlocutory Order, ECF No. 23, under Rule 54(b), and:

A) vacate the dismissal with prejudice of **COUNT I** and reinstate **COUNT I**;

B) alternatively, revise the dismissal of **COUNT I** to **without prejudice** and permit Plaintiff to seek leave to amend **COUNT I**;

C) if the Court still concludes **COUNT I** is deficient, identify the remaining defect before foreclosing amendment as futile; and

D) grant such other relief as the Court deems just and proper.

Dated: **March 27, 2026**

Respectfully submitted,

*Case No. 25-cv-26058*
*Polo, et al. V. Barquin, et al.*

By: _____
Frank E. Polo, Sr.
Plaintiff, pro se

## § 5.     CERTIFICATE OF SERVICE

54. I hereby certify that a true and correct copy of the foregoing was filed via USPS on this **27 March 2026**, and a copy of the foregoing will be served upon Plaintiff and all counsel of record via CM/ECF.

By: _____
Frank E. Polo, Sr.
Plaintiff, pro se

## § 6.     CERTIFICATE OF CONFERRAL (S.D. FLA. L.R. 7.1(A)(3))

Pursuant to Local Rule 7.1(a)(3) of the Southern District of Florida, I hereby certify that I have conferred with counsel for the Defendants in a good faith effort to resolve the issues raised in this Motion.

At the time of this filing, only one Defendant has voluntarily waived service of process. I conferred with counsel for said Defendant via email on March 27, 2026. Counsel has indicated that the Defendant, who has waived service, does not agree with the relief requested herein and opposes the Motion.

Regarding the remaining Defendants who have not yet waived service or been formally served, Plaintiff will confer with their respective counsel once they have made an appearance in this matter, should the issues remain unresolved.

By: _____
Frank E. Polo, Sr.

Case No. 25-cv-26058
Polo, et al. V. Barquin, et al.

Plaintiff, pro se
1475 SW 8th St. Apt. 411
Miami, FL. 33135
Phone: 305-901-3360
E-Mail: Frank.Polo@msn.com

Page **12** of **12**

# UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA
## (Miami Civil Division)

| | |
|---|---|
| **FRANK POLO**<br>　　　　　Plaintiff, | ) |
| | ) |
| | ) |
| | ) |
| v. | )　**CASE NO**:＿＿＿ 25-cv-26058 ＿/ |
| | ) |
| **JUAN FERNANDEZ BARQUIN, et al.** | ) |
| | ) |
| | ) |
| 　　　　Defendants, | ) |
| ＿＿＿＿＿＿＿＿＿＿＿＿＿＿/ | ) |
| | ) |

## ORDER ON PLAINTIFF'S MOTION TO REVISE INTERLOCUTORY ORDER DISMISSING COUNT I PURSUANT TO FED. R. CIV. P. 54(b)

THIS CAUSE is before the Court on Plaintiff's Motion to Revise Interlocutory Order Dismissing Count I Pursuant to Fed. R. Civ. P. 54(b) ("Motion"). Upon review of the Motion, the record, and being otherwise fully advised, it is hereby

ORDERED AND ADJUDGED as follows:

1. Plaintiff's Motion is GRANTED IN PART.

2. The Court's **March 19, 2026** Order is REVISED only to the extent that the dismissal of COUNT I is changed from dismissal with prejudice to dismissal without prejudice.

3. Plaintiff may seek leave to amend COUNT I on or before ＿＿＿＿＿＿＿＿, 2026.

4. In all other respects, the Court's **March 19, 2026** Order remains in effect.

5. 　　　DONE AND ORDERED in Chambers at Miami, Florida, this ＿＿ day of ＿＿＿＿＿＿＿＿, 2026.

*Case No. 25-cv-26058*
*Polo, et al. V. Barquin, et al.*

Page 2 of 2

By: _____
        JOSE E. MARTINEZ
   UNITED STATES DISTRICT JUDGE

*Case No. 25-cv-26058*
*Polo, et al, V. Barquin, et al.*





US DISTRICT COURT SOUTHERN DIST
400 N MIAMI AVE
RM 8N09
MIAMI FL 33128

P: GREEN3 S: TRED          I :302
M316-5650 x
1ZW62W52032682 4670
SAT08486 XLE_RSL61-5 Mar 31 07:56:22 2026