# UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

## (Miami Civil Division)

**FILED BY** _M_ **D.C.**

**MAR 3 1 2026**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

|  |  |
|---|---|
| **FRANK POLO** <br> Plaintiff, | ) <br> ) <br> ) <br> ) |
| v. | ) **CASE NO:**___25-cv-26058___/ |
| **JUAN FERNANDEZ BARQUIN, et al.** | ) <br> ) <br> ) <br> ) |
| Defendants, <br> _____/ | ) <br> ) <br> ) |

## PLAINTIFF'S APPENDIX IN SUPPORT OF FED. R. CIV. P. 54(b) MOTION

| No. | DESCRIPTION | PAGE |
|---|---|---|
| **EXHIBIT 1:** | Judge Gayles's March 19, 2026, Order. | 001 |
| **EXHIBIT 2:** | March 5, 2026, Count I Section of the R&R. | 003 |
| **EXHIBIT 3:** | March 19, 2026, Count I Section of Objections. | 006 |
| **EXHIBIT 4:** | October 24, 2017, Vexatious-litigant order. | 009 |
| **EXHIBIT 5:** | January 14, 2026, Amended complaint. COUNT 1. | 010 |
| **EXHIBIT 6:** | January 2, 2026, Rejection of Motion no. 238652687. | 014 |
| **EXHIBIT 7:** | February 12, 2026, Rejection Message | 015 |
| **EXHIBIT 8:** | February 25, 2026, Rejection Message | 017 |
| **EXHIBIT 9:** | February 27, 2023, Initial Brief. | 019 |
| **EXHIBIT 10** | Aug 30, 2023, Authored Opinion. | 026 |
| **EXHIBIT 11:** | September 15, 2023, Rehearing Motion. | 030 |
| **EXHIBIT 12:** | July 15, 2015, Operative Final Judgment. | 033 |

i

**EXHIBIT 1**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 25-cv-26058-DPG

**FRANK E. POLO, SR.,**

     **Plaintiff,**

v.

**JUAN FERNANDEZ-BARQUIN, et al.,**

     **Defendants.**

_____/

## ORDER

**THIS CAUSE** comes before the Court on Plaintiff Frank E. Polo, Sr.'s Motion for Leave to Proceed *in Forma Pauperis* (the "IFP Motion"). [ECF No. 12]. On January 7, 2026, the Court referred the case to Magistrate Judge Lisette Reid for a ruling on all pretrial non-dispositive matters and a Report and Recommendation on all dispositive matters. [ECF No. 10]. On March 6, 2026, Judge Reid issued her Report and Recommendation (the "Report"), recommending that the IFP Motion be denied and that Plaintiff's Amended Complaint be dismissed. [ECF No. 21]. Plaintiff filed objections to the Report. [ECF No. 22].

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1)(C). The objected portions of the report and recommendation are accorded *de novo* review if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which no objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784

(11th Cir. 2006). After conducting a *de novo* review of the record, the Court agrees with Judge

Reid's well-reasoned analysis and conclusion that the Motion be denied.

## CONCLUSION

Therefore, it is **ORDERED AND ADJUDGED** as follows:

(1)     The Report and Recommendation, [ECF No. 21], is **ADOPTED** in full.

(2)     Count I of Plaintiff's Amended Complaint is **DISMISSED WITH PREJUDICE**.

(3)     Counts II, III, IV, V, and VI of Plaintiff's Amended Complaint are **DISMISSED WITHOUT PREJUDICE**. By April 2, 2026, Plaintiff may seek leave to file a second amended complaint.

(4)     All other pending motions are **DENIED AS MOOT**.

(5)     This Case is **CLOSED** for administrative purposes.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 19th day of March, 2026.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

2

**EXHIBIT 2**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## CASE NO. 25-cv-26058-DPG

FRANK E. POLO, SR.,

       Plaintiff,

vs.

JUAN FERNANDEZ-BARQUIN, et al.,

       Defendants.

_____/

### ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*
### AND REPORT AND RECOMMENDATION DISMISSING COMPLAINT

**THIS CAUSE** is before the Court on Frank E. Polo Sr.'s ("Plaintiff" or "Polo") Motion

for Leave to Proceed *in forma pauperis* (the "IFP Motion"). [ECF No. 3]. The matter was referred

to the undersigned by the Honorable Darrin P. Gayles. *See* [ECF No. 10]. For the reasons set forth

below, it is **ORDERED** that Plaintiff's IFP Motion [ECF No. 12] be **DENIED**. It is **FURTHER**

**RECOMMENDED** that Plaintiff's Amended Complaint [ECF No. 11] be **DISMISSED**.

### BACKGROUND

Plaintiff commenced the instant action on December 22, 2025, with the filing of his three-

count Complaint against Defendants Mr. Juan Fernandez-Barquin ("Fernandez-Barquin"), Judge

Scott M. Bernstein ("Judge Bernstein"), and St. Thomas University, Inc. ("STU"). *See* [ECF No.

1 at 1–3]. Although Plaintiff paid the filing fee in the amount of $405.00, he stated that he moved

for IFP to obtain an order from the Court directing the U.S. Marshal to serve his Complaint. *See*

[ECF No. 4; ECF No. 13 ¶ 1].

Thereafter, Plaintiff filed an Amended Complaint, including new defendants Ms. Merlin

Hernandez ("Hernandez"), Mr. Randolph Martinez ("Martinez"), and Mr. Manuel A. Segarra, III

("Segarra") (collectively with Fernandez-Barquin, Judge Bernstein, and STU, the "Defendants").

*See* [ECF No. 11 at 1, 2]. The Amended Complaint also included three additional counts. *See* [*id.* at 3].

Though somewhat unclear, the Amended Complaint appears to allege facts arising from Plaintiff's family law case, *Hernandez v. Polo*, Case No. 2012-017787-FC-04 (Fla. 11th. Cir. Ct. Jul. 19, 2012) (the "Family Law Action"), which he tries to connect to other tenuously related incidents. *See generally* [ECF No. 11].

Plaintiff's Amended Complaint alleges three federal claims and three state claims against Defendants as follows: Prospective Declaratory and Injunctive Relief on Account of Federal Court Proceedings (Access to Courts/Procedural Due Process) against Defendant Fernandez-Barquin (Count I); Conspiracy to Intimidate or Injure a Party on Account of Federal Court Proceedings against Defendants Hernandez and Martinez (Count II); Conspiracy to Intimidate or Injure a Party on Account of Federal Court Proceedings against Defendants Hernandez and Segarra (Count III); Breach of Implied-in-Fact Agreement against Defendant STU (Count IV); Tortious Interference with Contract against Defendant Bernstein in his individual capacity (Count V); and Civil Conspiracy against Defendant STU and Defendant Bernstein in his individual capacity (Count VI). *See* [*id.*].

## A. Federal Counts

Under Count I, Plaintiff seeks "prospective declaratory and injunctive relief" under 42 U.S.C. § 1983 against Defendant Fernandez-Barquin in his official capacity as Miami-Dade County Clerk and Comptroller for what Plaintiff claims to be the "denial of access to courts and procedural due process" for the repeated rejection of case filings. [ECF No. 11 at 3]. Plaintiff was a party to the Family Law Action in Miami-Dade County in which his filing rights became restricted on October 24, 2017. *See* [*id.* at 4]. This restriction required Plaintiff's pleadings,

2

motions, and letters to the court to be reviewed by a member of the Florida Bar before filing. *See* [*id.*]. Based on this restriction, Plaintiff was ostensibly banned from making a filing on December 19, 2025, giving rise to Count I. *See* [*id.*]. It appears that Defendant Hernandez won a state-court judgment from the Family Law Action against Plaintiff. *See* [*id.* at 5].

Under Count II, the Plaintiff asserts a claim under 42 U.S.C § 1985(2) against Defendants Hernandez and Martinez for alleged retaliation based on Plaintiff's prior federal case. *See* [*id* at 3]. On May 4, 2023, Plaintiff filed a federal civil action against Defendants Hernandez and Martinez, as well as other state judicial officers, including Judges Scott M. Bernstein and Spencer J. Multack (the "2023 Federal Action").[1] *See* [*id.* at 4]. On July 22, 2024, the court dismissed Plaintiff's federal claims with prejudice and dismissed the state-law claims without prejudice. *See* [*id.* at 5]. During this period, Plaintiff and Defendant Hernandez were purportedly subject to an Agreed Final Judgement ("AFJ") governing parental rights and obligations over their shared children stemming from the Family Law Action. *See* [*id.*]. Plaintiff alleges that Defendants Hernandez and Martinez violated the established AFJ, removing the minor children from the United States without either the permission of the Plaintiff or a court order authorizing such travel. *See* [*id.*]. Because of the filing bar placed upon him by Defendant Fernandez-Barquin, Plaintiff was unable to "obtain timely judicial relief" to address the alleged violation by Defendants. *See* [*id.* at 6]. As such, Plaintiff alleges that Defendant Hernandez and Martinez retaliated against him

---

[1] On May 5, 2023, Plaintiff filed a 147-page complaint against over 30 defendants, including several public and judicial figures, alleging 19 counts that appear to similarly arise from the Family Law Action and events taking place at STU College of Law. *See* Complaint, *Polo v. Bernstein*, et al., No. 23-cv-21684-RNS (S.D. Fla. May 4, 2023), [ECF No. 2]. After multiple rounds of amendments, Plaintiff's lawsuit was ultimately dismissed for his failure to properly cure shotgun pleading-related deficiencies and failure to follow Court orders. *See* Second Omnibus Order, *id.*, [ECF No. 55].

EXHIBIT 3

## III. THE REPORT ERRONEOUSLY CONCLUDES THAT THE CLERK IS IMMUNE

16. The Report and Recommendation ("R&R") concludes that Defendant Fernandez-Barquin is entitled to absolute quasi-judicial immunity on the premise that the Clerk was acting pursuant to a judicial order. This conclusion is legally flawed and unsupported by the record for several reasons.

17. **The Clerk's Conduct Exceeded the Scope of the Judicial Order** (*See* EXHIBIT A). The 2017 order at issue required that Plaintiff's filings be reviewed by a member of the Florida Bar prior to filing. Critically, that order does not direct the Clerk to automatically reject, block, or prevent filings from being docketed. The Complaint alleges that the Clerk's office implemented an independent administrative system that rejects filings before they are ever docketed, thereby preventing them from even reaching the Court for judicial review.

18. **The Clerk's automated system was a choice, not a command.** Because the underlying order does not mandate this specific "blocking" mechanism, the Clerk's conduct reflects an independent administrative practice rather than the mere execution of a judicial directive. Absolute quasi-judicial immunity only extends to acts a clerk is "explicitly required to do" by court order. *See* **Hyland v. Kolhage,** 267 F. App'x 836, 840 (11th Cir. 2008). Here, the Clerk's automated rejection system is a discretionary administrative choice, not a ministerial mandate from the Bench.

19. **The Clerk is Not a "Judicial Officer" Under 42 U.S.C. § 1983.** The R&R erroneously applies a "total immunity" standard that ignores the plain text of **42 U.S.C. § 1983.** While § 1983 provides that injunctive relief shall not be granted against a "**judicial officer**" for acts taken in a judicial capacity, the Eleventh Circuit has not broadly expanded this term to include court clerks.

*Case No. 25-cv-26058*
*Polo, et al. V. Barquin, et al.*

20. Under the 1996 Federal Courts Improvement Act (FCIA) amendments to § 1983, Congress sought to protect *judges*—not administrative staff—from prospective injunctive relief. As an administrative official, the Clerk remains subject to prospective injunctive and declaratory relief under the long-standing rule in **Pulliam v. Allen**, 466 U.S. 522 (1984), which held that judicial immunity is not a bar to such relief. By treating the Clerk as a "judicial officer" for the purposes of § 1983, the R&R improperly expands a narrow statutory shield.

21. **Even if the Clerk were a "Judicial Officer," § 1983 Expressly Permits Declaratory Relief.** While § 1983 generally bars injunctive relief against a judge unless a declaratory decree was violated or is unavailable, it does not bar declaratory relief itself. The statute states in pertinent part:

> "...in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."

22. By the plain text of the statute, you are allowed to seek a Declaratory Judgment that a certain practice (the blocking of filings) is unconstitutional, even if the actor is deemed a "judicial officer." Once you obtain that declaration, if the officer continues the practice, you can then move for an injunction.

### A. THE CHALLENGED PRACTICE EFFECTIVELY DENIES ACCESS TO THE COURTS

23. The Complaint alleges that Plaintiff was previously determined to be indigent. The filing restriction requiring review by a member of the Florida Bar, when applied to an indigent litigant who cannot afford counsel, operates as a total bar to access to the courts.

24. The Clerk's administrative practice of preventing filings from entering the docket entirely—rather than allowing the Court to address filings through traditional judicial mechanisms

Case No. 25-cv-26058
*Polo, et al, V. Barquin, et al.*

like sanctions—deprives Plaintiff of the ability to even *present* a case for judicial consideration. This administrative "gatekeeping" interferes with the fundamental right of access to the courts, a practice that the Eleventh Circuit has scrutinized when it prevents an indigent litigant from being heard.

## B. THE CLAIM SEEKS PROSPECTIVE RELIEF FOR AN ONGOING PRACTICE

25. The R&R's immunity analysis fails to address the nature of the relief sought. Count I seeks **prospective declaratory and injunctive relief** to address an ongoing administrative practice.

26. Even if the Clerk were entitled to quasi-judicial immunity from *damages* (money), that immunity does not automatically extend to claims for prospective relief intended to correct an ongoing constitutional deprivation. The R&R's reliance on state law immunity concepts (such as **Fuller v. Truncale**) is misplaced in a § 1983 action, as federal law distinguishes between the immunity afforded to judges and the administrative duties of clerks when constitutional rights are at stake.

## C. THE CHALLENGED CONDUCT IS ADMINISTRATIVE AND MINISTERIAL IN NATURE

27. The conduct alleged—the refusal to accept and docket filings through an automated system—is an **administrative**, not a judicial, act. In the Eleventh Circuit, the distinction between "judicial" acts and "ministerial" acts is vital. *See* **Esquire Props., Inc. v. Bragg**, 453 F. App'x 844 (11th Cir. 2012).

28. The Complaint does not challenge a judge's decision-making process; it challenges the manner in which the Clerk's office has chosen to implement a policy at the administrative level. Because the Clerk is failing to perform the ministerial duty of docketing filings that have not yet been judicially rejected, the Clerk is not entitled to the absolute immunity described in the R&R.

Case No. 25-cv-26058
Polo, et al. V. Barquin, et al.

10/24/2017 3:30 PM FILED FOR RECORD

EXHIBIT 4

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

Merlin Hernandez

FAMILY DIVISION

Petitioner,

CASE NO. 2012-17787 FC 04

vs.

Frank Enrique Polo

ORDER Re Resolution of Competing Orders

Respondent.

THIS CAUSE having come on to be heard on October 24, 2012

on Petitioner's/Respondent's Motion Resolution of Competing Orders by the Parties

and the Court having read argument of counsel, and being otherwise advised in the Premises, it is

hereupon,

ORDERED AND ADJUDGED that said Motion be, and the same is hereby

The Court has entered the two (2) proposed orders submitted by Petitioner. Court further finds that Respondent's objection to proposed orders and conduct during pending litigation is vexatious. The Respondent shall not file any further pleadings, motions or letters to the Court in this matter without having the same reviewed by a member of the Florida Bar.

DONE AND ORDERED in Chambers, at Miami, Miami-Dade County, Florida, this 24

day of Oct. 20 17 .

_____
Circuit Court Judge

Scott M. Bernstein
Circuit Court Judge

Copies furnished to: M. Sejarra
F. Polo

03/26/2026 PAGE No.: 009

EXHIBIT 5

## § 5.STATEMENT OF FACTS

### (A) FACTS RELEVANT TO COUNT 1

1.   Miami-Dade County's Clerk of Court and Comptroller is Juan Fernandez-Barquin, whose office is responsible for docketing and maintaining filings in the Miami-Dade court case maintenance system.

2.   Plaintiff is a party to **Family Case No. 2012-017787-FC-04** in Miami-Dade County.

3.   **On October 24, 2017,** following a hearing noticed for "resolution of competing orders," the family court restricted Plaintiff's filing rights in the family case. The restriction required Plaintiff's pleadings, motions, and letters to the court to be reviewed by a member of the Florida Bar before filing.

4.   Since **October 24, 2017,** each time Plaintiff attempted to file any document in the family case, the Clerk rejected the filing with messages including: "Filing Moved to Correction Queue" and "Is barred by order of court or is otherwise incapable of being filed in the clerk's case maintenance system."

5.   Plaintiff could not afford to retain a lawyer to review filings to satisfy the filing-review restriction.

6.   **On December 19, 2025,** Plaintiff attempted to file in the family case a motion titled: "RESPONDENT'S MOTION TO DIRECT THE CLERK TO ACCEPT AND DOCKET FILINGS, TO CEASE ENFORCING VOID FILING-RESTRICTION ORDERS ENTERED WITHOUT DUE PROCESS, AND TO REMOVE/CLARIFY ANY 'DO NOT FILE' FLAG."

7.   The Clerk did not docket that **December 19, 2025** motion and instead returned it with the status "Filing Moved to Correction Queue" and the remark: "Is barred by order of court or is otherwise incapable of being filed in the clerk's case maintenance system."

### (B) FACTS RELEVANT TO COUNT 2

(Conspiracy To Intimidate or Injure a Party – Hernandez and Martinez)

8.   On **May 4, 2023,** Plaintiff filed a federal civil action asserting constitutional and related claims against Defendant Hernandez, Defendant Martinez, and state judicial officers, including Judges Bernstein and Multack.

03/26/2026   PAGE No.: 010

65. **On January 31, 2019,** Judge Bernstein sent a letter and his recusal order to STU's Dean Lawson on official Eleventh Judicial Circuit letterhead and with his official signature block.

66. In the **January 31, 2019** letter, Judge Bernstein wrote to STU that he "felt compelled to bring to [their] attention a matter concerning Mr. Frank Polo," identified Plaintiff as a litigant in his family-court division, and enclosed a copy of the recusal order.

67. **On February 7, 2019,** STU initiated an Honor Council proceeding against Plaintiff based on allegations contained in Judge Bernstein's recusal order and, before any Honor Council finding, suspended Plaintiff and instructed Plaintiff to amend his Florida Bar application.

68. **On February 25, 2019,** Associate Dean Moore authored a "Highly Confidential Memorandum" attaching Judge Bernstein's letter and recusal order and including internal evaluative comments regarding Plaintiff.

69. **On May 17, 2019,** STU issued a letter stating that Plaintiff's expulsion was final.

## § 6. FEDERAL COUNTS

### COUNT 1:   42 U.S.C. § 1983 — PROSPECTIVE DECLARATORY AND INJUNCTIVE RELIEF (ACCESS TO COURTS / PROCEDURAL DUE PROCESS)
### Against Defendant Juan Fernandez-Barquin, in his Official Capacity as Miami-Dade Clerk of Court and Comptroller

70. Plaintiff realleges and incorporates by reference Section 5(A), titled "FACTS RELEVANT TO COUNT 1".

71. The First Amendment protects the right to petition the government for redress of grievances, including by seeking relief in court. The Fourteenth Amendment prohibits state officials from denying meaningful access to the courts through administrative practices that prevent docketing and judicial review.

72. Defendant Juan Fernandez-Barquin is the Clerk of the Court and Comptroller of Miami-Dade County and is responsible for docketing and maintaining filings in the Miami-Dade court case maintenance system.

73. Plaintiff seeks only prospective declaratory and injunctive relief to remedy ongoing violations of federal law.

74. Plaintiff has an ongoing need to file motions and other papers in Family Case No. 2012-017787-FC-04 and to obtain docketing and judicial review in that case.

75. Since **October 24, 2017**, Plaintiff has been unable to successfully file documents in the family case due to filing restrictions and administrative rejections.

76. On **December 19, 2025**, Plaintiff attempted to file "RESPONDENT'S MOTION TO DIRECT THE CLERK TO ACCEPT AND DOCKET FILINGS, TO CEASE ENFORCING VOID FILING-RESTRICTION ORDERS ENTERED WITHOUT DUE PROCESS, AND TO REMOVE/CLARIFY ANY 'DO NOT FILE' FLAG."

77. The Clerk's office did not docket the motion and instead returned it with status "Filing Moved to Correction Queue" and the remark: "Is barred by order of court or is otherwise incapable of being filed in the clerk's case maintenance system."

78. The continuing refusal to accept and docket Plaintiff's filings prevents Plaintiff from obtaining judicial review and relief in the family case and imposes an ongoing denial of access to the courts and procedural due process.

79. Unless enjoined, Defendant will continue to reject Plaintiff's filings under the same "barred by order"/case maintenance system mechanism, causing continuing and irreparable harm.

### DECLARATORY RELIEF REQUESTED

80. Plaintiff requests a declaration that the ongoing refusal to accept and docket Plaintiff's filings through the clerk's case maintenance system, including use of any "do not file" flag or equivalent mechanism that causes automatic rejection without a meaningful procedure to obtain docketing and judicial review, violates the First and Fourteenth Amendments.

### INJUNCTIVE RELIEF REQUESTED

81. Plaintiff requests a permanent injunction requiring Defendant, his agents, employees, and successors, in their official capacities, to:

A) Accept and docket Plaintiff's nonfrivolous filings tendered in Family Case No. 2012-017787-FC-04;

B) Remove, disable, or clearly identify and implement a procedure to override any "do not file" flag or equivalent case maintenance restriction that results in automatic rejection without docketing;

C) Refrain from rejecting Plaintiff's filings with "barred by order" or similar status messages when the effect is to prevent docketing and judicial review; and

D) Provide a ministerial docketing path (or an immediate presentment path to a judicial officer) so that any filing restriction is applied only after the filing is docketed and presented for judicial review.

82. Plaintiff also requests costs and any other relief the Court deems just and proper.

83. **Irreparable Harm / No Adequate Remedy at Law**: Plaintiff is suffering ongoing and irreparable injury from the continuing refusal to accept and docket filings in Family Case No. **2012-017787-FC-04**, including denial of meaningful access to the courts and denial of a ministerial docketing path that would permit judicial review. Plaintiff lacks an adequate remedy at law for this ongoing deprivation and therefore seeks declaratory and injunctive relief.

**WHEREFORE,** Plaintiff respectfully requests that the Court grant the declaratory and permanent injunctive relief requested above (and as set forth in § 9), award costs, and grant such other relief as the Court deems just and proper.

### COUNT 2: 42 U.S.C. § 1985(2) — CONSPIRACY TO INTIMIDATE OR INJURE A PARTY ON ACCOUNT OF FEDERAL COURT PROCEEDINGS

#### Against Defendants Hernandez and Martinez

84. Plaintiff realleges and incorporates by reference Section 5(B), titled "FACTS RELEVANT TO COUNT 2".

85. On **May 4, 2023**, Plaintiff filed a civil action in the United States District Court for the Southern District of Florida against, among others, Defendant Hernandez and Defendant Martinez. Plaintiff was a **party** to that federal case.

86. Defendant Hernandez and Defendant Martinez had actual knowledge of Plaintiff's federal case and of Plaintiff's participation as a party.

# FLORIDA COURTS E-FILING PORTAL

**EXHIBIT 6**

◉ View NEF   ▭ My Cases   ▣ My Submissions   [→ Sign Out

🔍 Filings Access   ▤ Workbench   ⚠ My Alerts   📖 E-Filing Map

👥 DIY Documents   ▭ CCIS

My Account ▼    Filing Options ▼

Welcome - Frank E. Polo
Last signed in on - 12/31/2025 08:17:57 PM

## News & Information

- **12/26/2025 Update: Postponement of Scheduled Maintenance :** Please be advised that the Florida Courts E-Filing Portal maintenance originally scheduled for Saturday, December 27, 2025, from 1:30 a.m. ET to 4:30 a.m. ET has been postponed. Notification of the rescheduled maintenance window will be distributed once the new date and time have been

## My Alerts

Help 📖 ■◀ 🌐

Search Options

**Enter Search Criteria**

**Alert Date From:**

Alert Created From   📅

**To:**

Alert Created To   📅

**Type of Alert:**

**Filing ID:**

Filing #

[ Search ]     [ Clear Search Criteria ]

[ Clear Selected Alert(s) ]

| Select | Filing # | Case Style | Court Case # | Court | Alert Date | Type of Alert | Remarks |
|---|---|---|---|---|---|---|---|
| ☐ | 238652687 | Hernandez, Merlin vs Polo, Frank E | 2012-017787-FC-04 | Miami-Dade | 01/02/2026 08:47:17 AM | Filing Moved to Correction Queue | Is barred by order of court or is otherwise incapable of being filed in the clerks case maintenance system |
| ☐ | | | | FACC Services Group | 07/20/2020 03:32:09 PM | Bounce back received more than 5 times | Email Address 'FrankPolo3@gmail.com' linked to your profile has received more than 5 E-service bounce backs. Please correct the bad email address to remove this alert. |

|◀  ◀  1  ▶  ▶|                                                    1 - 2 of 2 items

**03/26/2026  PAGE No.: 014**

FLORIDA COURTS
**E-FILING PORTAL**

**EXHIBIT 7**

◔ View NEF   ▭ My Cases   ▣ My Submissions   ⤷ Sign Out
▣ Filings Access   ▤ Workbench   ⚠ My Alerts   ⊞ E-Filing Map
♀♂ DIY Documents   ▭ CCIS

My Account ▼    Filing Options ▼

Welcome - Frank E. Polo
Last signed in on - 02/19/2026 09:47:15 AM

News & Information

- 02/11/2026 **The Florida Courts E-Filing Portal may be intermittently unavailable on Sunday, February 22nd, 2026, from 2-5 p.m. ET for system maintenance.**

~~Update: Postponement of Scheduled Maintenance : Please be advised that the Florida Courts E-Filing Portal~~

My Alerts

Help

Search Options

**Enter Search Criteria**

**Alert Date From:**

Alert Created From    🗓

**To:**

Alert Created To    🗓

**Type of Alert:**

**Filing ID:**

Filing #

Search         Clear Search Criteria

Clear Selected Alert(s)

| Select | Filing # | Case Style | Court Case # | Court | Alert Date | Type of Alert | Remarks |
|---|---|---|---|---|---|---|---|
| ☐ | 241677568 | Hernandez, Merlin vs Polo, Frank E | 2012-017787-FC-04 | Miami-Dade | 02/13/2026 08:47:44 AM | Filing Moved to Correction Queue | Is barred by order of court or is otherwise incapable of being filed in the clerks case maintenance system. Please contact office before submitting documents to case. |
| ☐ | | | | FACC Services Group | 07/20/2020 03:32:09 PM | Bounce back received more than 5 times | Email Address 'FrankPolo3@gmail.com' linked to your profile has received more than 5 E-service bounce backs. Please correct the bad email address to remove this alert. |

◄ ◄ 1 ► ►                                                    1 - 2 of 2 items

**EXHIBIT 8**

# FLORIDA COURTS
# E-FILING PORTAL

My Account ▼      Filing Options ▼

Welcome - Frank E. Polo
Last signed in on - 02/25/2026 12:53:14 PM

News & Information

- **03/03/2026** The Florida Courts E-Filing Portal will be unavailable on Saturday, March 7, 2026, from 1:30 a.m. to 4:30 a.m. ET due to scheduled system maintenance.

~~Important Update: Credit Card Transaction Fee Change: Effective July 1, 2025, credit card transaction fees will~~

## My Alerts

Help 📖 ◼ ❓

Search Options

**Enter Search Criteria**

**Alert Date From:**

Alert Created From    🗓

**To:**

Alert Created To    🗓

**Type of Alert:**

**Filing ID:**

Filing #

| Search | Clear Search Criteria |

Clear Selected Alert(s)

| ☐ Select | Filing # | Case Style | Court Case # | Court | Alert Date | Type of Alert | Remarks |
|---|---|---|---|---|---|---|---|
| ☐ | 242168838 | Hernandez, Merlin vs Polo, Frank E | 2012-017787-FC-04 | Miami-Dade | 02/25/2026 10:29:26 AM | Filing Moved to Correction Queue | Is barred by order of court or is otherwise incapable of being filed in the clerks case maintenance system. The Indigent Application is missing a signature. |
| ☐ | 241677568 | Hernandez, Merlin vs Polo, Frank E | 2012-017787-FC-04 | Miami-Dade | 02/13/2026 08:47:44 AM | Filing Moved to Correction Queue | Is barred by order of court or is otherwise incapable of being filed in the clerks case maintenance system. Please contact office before submitting documents to case. |
| ☐ | | | | FACC Services Group | 07/20/2020 03:32:09 PM | Bounce back received more than 5 times | Email Address 'FrankPolo3@gmail.com' linked to your profile has received more than 5 E-service bounce backs. Please correct the bad email address to remove this alert. |

◀ ◀ 1 ▶ ▶    1 - 3 of 3 items

**03/26/2026  PAGE No.: 017**

Filing # 167620091 E-Filed 02/27/2023 02:55:05 PM

**IN THE DISTRICT COURT OF APPEALS OF FLORIDA**
**THIRD DISTRICT**

EXHIBIT 9

Appellate Case No. 23-0249
FRANK E. POLO
Appellant, Pro-Se

-VS.-

MERLIN HERNANDEZ
Appellee

---

On Appeal from the Circuit Court of the Eleventh Judicial Circuit
In and for Miami-Dade County;
Family Case No. 2012-017787-FC-04
The Hon. Spencer Multack

---

**APPELLANT'S INITIAL BRIEF FOR**
**INTERLOCUTORY APPEAL UNDER FLA. R. APP. P. 9.130**

---

Frank E. Polo Sr.
Pro Se
1475 SW 8th St Apt 411
Miami, FL. 33135
Phone: (305) 901-3360
Email: Frank.Polo@msn.com

RECEIVED, 02/27/2023 02:56:21 PM, Clerk, Third District Court of Appeal

i

*Polo v. Hernandez*
*3d DCA No. 23-0249*

## ISSUES ON APPEAL

1. Whether the lower court had jurisdiction to issue the order being appeal from after the court lost personal and subject matter jurisdiction over the parties and the subject matter of attorney's fees.

2. Whether the lower court erred on rubberstamping the General Magistrate Report and Recommendations violating its duty "to examine and carefully consider the evidence and determine whether under the law and the facts the court is justified in entering the decree recommended by the master" regardless of whether Mr. Polo argued or not the exceptions.

## JURISDICTION

3. This Court has jurisdiction under *Fla. Const. Art. V, Sec.* 4(b), and pursuant to Fla. R. App. P. 9.030(b)(1)(B);

4. The order appealed is appealable under Fla. R. App. P. 9.130(a)(3)(c)(iii)(a) as orders that grant the right to immediate monetary relief.

## THE PARTIES

5. The Petitioner, Frank E. Polo (hereinafter the "Father", or the "Appellant.")

6. The Respondent, Merlin Hernandez (hereinafter the "Mother", or "Appellee").

Page **1** of **33**

Appellate Case No. No. 23-0249
Polo v. Hernandez

**03/26/2026   PAGE No.: 020**

7. References to the Mother's Attorney is referred to as the "Opposing Counsel" or "Mr. Segarra."

## APPEAL

8. Petitioner, Frank Polo, files an appeal of *Order Denying Respondent's Exceptions / Order On Report And Recommendations Of General Magistrate Of July 19, 2019*, Dated January 12, 2023, which was drafted by the opposing counsel and rubberstamped by the Hon. Judge Multack while the lower court did not have personal or subject matter jurisdiction over the parties or the subject matter. In support thereof, Petitioner alleges as follows:

## STATEMENT OF THE CASE AND THE FACTS

9. On ***February 7, 2017***, Mr. Polo filed a Petition for Modification. Please, take Judicial Notice ("PTJN") Docket ("Doc.") 9. Appendix ("AP"): 1

10. On ***July 11, 2018***, General Magistrate SINGER ("GM SINGER") dismissed a Petition for Modification, and on ***August 20, 2018***, he filed the "Report and Recommendations of the General Magistrate and Notice of Filing," which ***did not expressly retain Jurisdiction*** to entertain a motion for past attorney's fees. [AP: 2]

11. On ***August 20, 2018***, Judge Scott Bernstein signed the "*Order on Report and Recommendations of the General Magistrate and Notice of Filing*" ("Final Judgement"). This was filed on the docket on ***September 14, 2018*** [AP: 3], and Judge Bernstein reaffirmed it on ***September 20, 2018,*** by filing the "*Order Vacating*

Page **2** of **33**

*September 6, 2018 Order and Re-entering order on Report of General Magistrate."* ("Reaffirmed Final Judgement"). [AP: 4].

12. Neither the filed ***September 14, 2018***, Final Judgement or the Order reaffirming the Final Judgment on ***September 20. 2018*** expressly retained Jurisdiction to entertain a motion for past attorney's fees. PTJN, *See* Doc. 273, and 277. *See* [AP: 3 & 4].

13. Ms. Hernandez failed to request a rehearing, under Fla. Fam. Law. RP 12.530 (b), within the allowable fifteen (15) days (by October 5, 2018), and the court did not expressly reserve jurisdiction to grant past attorney's fees.

14. On ***February 7, 2017*** Mr. Polo filed his Petition [AP: 1], and on ***March 12, 2017***, Mr. Polo filed an Amendment to the Petition for Modification. [AP: 5].

15. On **March 14, 2017**, the Mother filed her "Answer to Respondent's Amended Supplemental Petition for Modification of Child Support and Other Remedies," which **did not contain a petition for attorney's fees**. PTJN, Doc. 17. [AP: 6].

16. On **October 8, 2018**. Almost *a month after the Final Judgment* was rendered, the Mother filed the "Petitioner/Mother's Motion for Attorney's Fees and Cost to be Paid by Respondent/Father." PTJN, Doc. 285. *See* also [AP: 7].

17. Almost two months after the final judgement was rendered, on **November 1, 2018**, Mr. Segarra filed his "Segarra & Associates, P.A. Motion for Attorney's Fees

Page **3** of **33**

29. However, on the same date, January 12, 2023, Mr. Segarra submitted a proposed order to the Judge and the Judge signed it without previously reviewing the Exceptions for error of law and/or fact. [AP: 11].

30. The *Order Denying Respondent's Exceptions / Order on Report and Recommendations of General Magistrate of July 19, 2019,* which is an order granting the right to immediate monetary relief, generated this appeal.

## SUMMARY OF ARGUMENT

### ISSUE 1

31. Hon. Judge Multack erred in exercising jurisdiction over a case after the court lost personal and subject matter jurisdiction over the case and the parties.

32. The rule is well settled in Florida, and it is well known that the trial Court loses jurisdiction of a cause after a judgment or final decree has been entered and the time for filing petition for rehearing or motion for new trial has expired.

33. That is exactly what happened in this case. A final Judgment was issued without the court retaining Jurisdiction over the subject matter of attorney's fees, the 15 days allowed by law to file a motion for rehearing passed, and Ms. Hernandez never filed a petition for rehearing or motion for new trial before the deadline had expired. Thereafter, Ms. Hernandez and her attorney moved the court for attorneys fees without filing a new complaint/petition, without getting a new summons, or serving those on Mr. Polo. Therefore, res-Judicata precludes Ms. Hernandez for

Appellate Case No. No. 23-0249
Polo v. Hernandez

coming back to argued something she had an opportunity to argued in the lower court, under the same set of facts, and with the same parties.

34. Also, the Eleventh Judicial Circuit Court of Florida did not have, either procedural, personal, and/or subject matter jurisdiction to adjudicate the matter of attorneys fees, after ***September 14, 2018***, therefore, any judgment or order rendered after ***September 14, 2018***, is void for lack of jurisdiction.

35. Finally, this case is barred by the doctrine of res judicata (or issue preclusion), unless a pertinent motion under *Fla. Fam. L. R. P.* 12.540, or motion to enforce the court's judgments is filed, and this is not the case.

## ISSUE 2

36. The lower Court cannot rubberstamp the General Magistrate Report and Recommendations and the court has a duty "to examine and carefully consider the evidence and determine whether under the law and the facts the court is justified in entering the decree recommended by the master" regardless of whether Mr. Polo argued or not the exceptions.

37. Whether exceptions are filed to the report of the Master or not, it is the duty of the court to examine and carefully consider the evidence and determine whether under the law and the facts the court is justified in entering the decree recommended by the Master.

Appellate Case No. No. 23-0249
Polo v. Hernandez

**03/26/2026  PAGE No.: 024**

38. In this case, the court just did that. The court Rubberstamped the General Magister's Report and Recommendations without examining and carefully considering the evidence and determining whether under the law and facts, the Court is justified in entering the decree recommended by the General Magister.

39. The findings of fact and recommendations were not supported by competent, substantial evidence from the hearing held on June 11, 2019, and are clearly erroneous.

40. The Magistrate made a generalized finding that the Mother's attorney is entitled to a specific amount of attorney's fees without articulating any findings as to the number of hours reasonably spent and the reasonable hourly rate.

41. The other side did not introduce evidence of the ability of Mr. Polo to pay such fees, nor evidence of the requesting spouse's need for attorney's fees.

42. There was no competent substantial evidence as to the mother's need or the father's ability to pay nor were there any findings pertaining to need and ability to pay.

43. The Magistrate's Report specifically contains a finding that prospectively purports to decide whether the obligation will be dischargeable in bankruptcy.

44. This finding is factually incorrect because the entitlement to attorney's fees was because the Father allegedly failed to appear for deposition- these attorney's fees

**Page 9 of 33**

EXHIBIT 10

# Third District Court of Appeal

### State of Florida

Opinion filed August 30, 2023.
Not final until disposition of timely filed motion for rehearing.

---

No. 3D23-249
Lower Tribunal No. 12-17787

---

## Frank E. Polo, Sr.,
Appellant,

vs.

## Merlin Hernandez,
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Spencer Multack, Judge.

Frank E. Polo., Sr., in proper person.

Merlin Hernandez, in proper person.

Segarra & Associates, P.A., Manuel A. Segarra, III, and Irech M. Colon, for interested party Segarra & Associates, P.A.

Before SCALES, HENDON, and MILLER, JJ.

MILLER, J.

Id. at 386–87 (footnote omitted). A predecessor judge initially ratified the report and awarded fees without first considering legal argument on the father's exceptions. This court reversed for a hearing. Id. at 389. The successor judge determined that Polo voluntarily absented himself from the duly convened hearing and overruled the exceptions. Included in the magistrate's recommendation was a finding that the fees "shall not be dischargeable in bankruptcy proceedings." This appeal ensued.

## ANALYSIS

Applying a de novo standard of review, we conclude Polo has failed to demonstrate reversible error in his first point on appeal. Lopez v. Dep't of Revenue, 201 So. 3d 119, 123–24 (Fla. 3d DCA 2015). Notwithstanding the fact that the reservation contained in the operative final judgment was sufficient to vest the trial court with jurisdiction to award post-judgment fees, it is axiomatic that fees in family law cases may be awarded "from time to time" in accord with the considerations set forth in section 61.16(1), Florida Statutes (2023). Hence, the thirty-day limitation contained within Florida Rule of Civil Procedure 1.525 is inapplicable, and there was no jurisdictional impediment to awarding fees. See Juhl v. Juhl, 328 So. 3d 1031, 1032–33 (Fla. 2d DCA 2021).

3

As to the second point, competent, substantial evidence in the form of billing records and testimony bearing on the reasonable hours expended, hourly rate, and available resources support the fee award.

We are constrained to remand, however, because the magistrate determined the fee award was not dischargeable in bankruptcy. This finding was premature. In Meeks v. Meeks, 964 So. 2d 185 (Fla. 2d DCA 2007), our sister court cogently explained:

> The problem with the trial court's judgment is that it reached an issue of federal law that is not yet ripe for consideration. A state trial court is free to place language in a judgment to memorialize factual determinations or legal rulings on questions of state law that may later assist a bankruptcy court in deciding, as a matter of federal law, the dischargeability of obligations created by the judgment. However, the law does not allow a state court to decide the federal issue of discharge prior to the filing of any bankruptcy proceeding.

Id. at 187 (footnote omitted) (citation omitted); see also Segall v. Segall, 708 So. 2d 983, 989 n.4 (Fla. 4th DCA 1998) ("The trial court also erred in prematurely determining that the Wife's attorneys' fee award was in the nature of support and not dischargeable in bankruptcy. State courts have concurrent jurisdiction with bankruptcy courts to determine the dischargeability of debts in bankruptcy."); Scharmen v. Scharmen, 613 So. 2d 121, 123 (Fla. 1st DCA 1993) (quoting In re Shaw, 67 B.R. 911, 912 (Bankr. M.D. Fla. 1986)) ("[T]he debt is nondischargeable when the fees

4

were incurred either through litigation of alimony, maintenance, or support issues, or through litigation of issues 'so tied in with the obligation of support as to be in the nature of support or alimony.'"); <u>Huey v. Huey</u>, 643 So. 2d 1141, 1142 (Fla. 4th DCA 1994) ("[W]hat constitutes alimony, maintenance or support is determined under federal bankruptcy law."). Accordingly, we affirm but remand with instructions to strike the bankruptcy discharge preclusion.

Affirmed and remanded with instructions.

5

Filing # 181868023 E-Filed 09/14/2023 09:11:09 PM

# IN THE DISTRICT COURT OF APPEALS OF FLORIDA
## THIRD DISTRICT

**EXHIBIT 11**

FRANK POLO
Appellant
    v
MERLIN HERNANDEZ
Appellee

3d DCA Case No. 23-0249
Lower Ct. Case No. 2012-17787

## MOTION FOR REHEARING EN BANC, REQUESTS REHEARING, CLARIFICATION, AND/OR THE ISSUANCE OF A NEW WRITTEN OPINION

1. Comes now the Appellant, Frank Polo, and files this Motion for Rehearing (En Banc) pursuant to Fla. R. App. P. 9.331(d), requests Rehearing Clarification, and the Issuance of a new Written Opinion pursuant to Fla. R. App. P. 9.330 and further states as follows:

2. The appellant in this case wants to point out factual and legal reversible errors resulting in a miscarriage of justice, which this honorable Appellate Court may have overlooked or misapprehended in its decision.

3. Moreover, the appellant, in this case, believes that a review En Banc is necessary to maintain uniformity in the court's decisions where there is an apparent deviation from prior precedent in this DCA as well as in other DCAs in cases with the exact same set of fact as those in this case:

   A) This court may have overlooked or misapprehended the fact that the Operative Final Judgment is NOT (emphasis added) the **August**

Page **1** of **24**

Appellate Case No. 23-0249
Polo v. Hernandez

**03/26/2026  PAGE No.: 030**

**7, 2014**. The OPERATIVE FINAL JUDGMENT is the one rendered almost a year later on **JULY 15, 2015** which is titled "AGREED AMENDED FINAL JUDGMENT OF PATERNITY," which states that "*Each party shall pay his/her own attorney's fees and costs*," (emphasis added) and reserves jurisdiction *only* (emphasis added) to enforce its AGREED AMENDED FINAL JUDGMENT OF PATERNITY. This appeal originated from an independent *post-judgment new petition for modification* (emphasis added), initiated on ***February 7, 2017,*** and **NOT** from a proceeding to enforce the Operative Final Judgment rendered on **JULY 15, 2015**. Attached as a courtesy is the Operative Final Judgment titled AGREED AMENDED FINAL JUDGMENT OF PATERNITY, which is the Judgment Rendered on July 15, 2015, as EXHIBIT: 1). As a result, this court's decision in this case conflicts with the recent decision in **Padron v. Padron**, 356 So. 3d 306 (Fla. 3d DCA 2023) which has the exact same facts of this case. In **PADRON**, as in this case, the court issued a final judgment, the court failed to retain jurisdiction, none of the parties moved within the 15 days allowed by law for rehearing, and therefore the lower court lost jurisdiction to adjudicate attorney's fees.

Appellate Case No. 23-0249
Polo v. Hernandez

B) This honorable court overlooked or misapprehended the fact Mr. Polo does not argue that the lack of jurisdiction arises out of Fla. R. Civ. P. 1.525, Mr. Polo's claim for lack of jurisdiction arises out of **Padron v. Padron**, 356 So. 3d 306 (Fla. 3d DCA 2023), **Richards v. Bennett**, 642 So. 2d 668 (Fla. 3d DCA 1994), **Berlin v. Berlin**, 395 So.2d 1260 (Fla. 3d DCA 1981); **Church v. Church**, 338 So.2d 544 (Fla. 3d DCA 1976); **Frumkes v. Frumkes**, 328 So.2d 34 (Fla. 3d DCA 1976).. Moreover, this court misapprehends the fact that in **Juhl v. Juhl**, 328 So. 3d 1031 (Fla. 2nd DCA 2021), the lower court in **JUHL** retained jurisdiction over the issue of attorney's fees, and in Mr. Polo's case, the court did not retain jurisdiction.

C) This court may have overlooked or misapprehended the fact that Mr. Polo did not argue that the grant of attorney's fees is not supported by evidence of billing. Mr. Polo argued that the grant of attorney's fees is not supported by *"Findings of Need and Ability to Pay Fees."* Such factual mistake creates conflicting results in a vast number of cases supporting the legal conclusion that a grant of attorney's fees, under section §61.16 or under §742.045, *must* (emphasis added) be supported by Competent Substantial Evidence supporting *"findings of need and ability to pay fees"*.

Appellate Case No. 23-0249
Polo v. Hernandez

D) This honorable Court overlooked or misapprehended the requirement of law under section §61.16 or under §742.045, which states that "an award of attorney's fees must be supported [not only] by substantial competent evidence, [but also must] contain *express findings regarding the number of hours reasonably expended and a reasonable hourly rate for the type of litigation involved.*"

E) This honorable court overlooked or misapprehended the fact that by affirming the appeal based on a factually erroneous Affirmative Defense never argued and never raised by the other side in formal pleadings/brief, this court may have been violating Mr. Polo right to due process.

4. Based in the mistaken overlooked or misapprehended facts and laws, the appellant in this case, believes that a new written opinion, clearly stating what legal grounds this court has to affirm the lower court order, will provide a legitimate basis for supreme court review. Moreover, an explanation for an apparent deviation from the prior precedent of this Court and many other courts throughout Florida, will provide guidance to the parties or lower tribunal in an issue that is expected to recur in future cases.

5. Being this honorable Court the court of last resource in Florida, if this court files an ambiguous order where the Florida Supreme Court or the U.S.

Page **4** of **24**

Supreme Court must guess the reasoning of the court, MR. POLO will be denied access to appeal to a higher court. Even though, U.S. Supreme Court hears Orders without opinion or with ambiguous opinions, it is rarely when this occurs. Therefore, Mr. Polo respectfully and humbly asks this court to issue a detailed opinion explaining how the irrefutable facts of this case differ from the facts and applicability of the law in those cases cited by Mr. Polo in support of this appeal.

**A) THE DECISION OF THIS COURT TO AFFIRM THE LOWER COURT JUDGMENT STATING THAT "THE RESERVATION CONTAINED IN THE OPERATIVE FINAL JUDGMENT [RENDERED ON JULY 15, 2015] WAS SUFFICIENT TO VEST THE TRIAL COURT WITH JURISDICTION TO AWARD POST-JUDGMENT FEES" OVERLOOKS OR MISAPPREHEND FACTS AND APPLICABLE LAW. MOREOVER, IT CONFLICTS WITH THIS AND OTHER COURTS' PRECEDENT.**

**RELEVANT & APPLICABLE LAW THIS HONORABLE COURT OVERLOOKS OR MISAPPREHENDED.**

6. In **Francisco v. Victoria Marine Shipping**, 486 So. 2d 1386 (Fla. 3d DCA 1986), this honorable court held as follows:

> Under the present rules, after the rendition of the final judgment, the trial court retains jurisdiction for the ten-day period [15 under Fla. Fam. L. R. P. 12.530] during which a motion for rehearing may be filed and, if filed, until disposition of the motion. The trial court thereafter **loses jurisdiction except to enforce the judgment** and except as provided by Florida Rule of Civil Procedure 1.540.[3] [in this case Fla. Fam. L. R. P. 12.540)

7. "The general rule is that [1] once a trial court has entered a final order in a dissolution proceeding, [2] absent a retention of jurisdiction, [3] the court

Appellate Case No. 23-0249
Polo v. Hernandez

7/15/2015 2:55 PM FILED FOR RECORD

**EXHIBIT 12**

CFN 20150455851 BOOK 29698 PAGE 741
DATE 07/15/2015 03.13 37 PM
HARVEY RUVIN, CLERK OF COURT, MIA-DADE CTY

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

FAMILY DIVISION

CASE NUMBER: 2012-017787 FC 28

IN RE:

MERLIN HERNANDEZ,

Petitioner/Mother

v.

FRANK E. POLO,

Respondent/Father

_____ /

**AGREED AMENDED FINAL JUDGMENT OF PATERNITY**

THIS CAUSE came on for before the Court upon the agreement of the parties, and

upon said Agreement, and the Court being otherwise fully apprised in the premises, it is,

by the Court,

ORDERED:

1.      The Court has jurisdiction over the subject matter and the parties to this
action.

2.      The parties are the natural parents and biological parents of two minor
children, to wit: FRANK E. POLO, JR. and HENRY M. POLO, dates of birth: 5/10/2012.

3.      This Court has jurisdiction over the minor children:

The United States is the country of habitual residence of the children.

The State of Florida maintains the most significant contact with the children and is

Page 1 of 4

**03/26/2026  PAGE No.: 035**

CFN 20150455851 BOOK 29698 PAGE 744

Each parent will be allowed to claim one of the children as a dependent on their United States Income taxes each year (the Father shall claim Frank Jr. And the mother shall claim Henry). The parties agree that ths child support provision shall not be modified for a period of five years regardless of any change in financial circumstances of either party. The parties do not owe any retroactive support or any monies of any nature whatsoever to each other at this time.

8.      Each party shall pay his/her own attorney's fees and costs.

9.      This Court shall retain jurisdiction of the subject matter, persons, and venue of this action and shall retain jurisdiction to enforce any and all of the provisions of the above referenced settlement agreement.

DONE and ORDERED in Chambers, in Miami-Dade County, Florida, this _14_ day of ___July___, 2015.

_____
CIRCUIT COURT JUDGE

Scott M. Bernstein
Circuit Court Judge

**COPIES FURNISHED TO:**
EVAN L. ABRAMOWITZ, Esquire
STEPHANIE GRANDA FERNANDEZ, Esquire

Page 4 of 4



SHIP TO:
CASE NO. 25-CV-26058
US DISTRICT COURT SOUTHERN DISTRICT
RM 8N09
400 N MIAMI AVE

MIAMI   FL 33128-1805

FL 330 9-03

UPS GROUND

TRACKING #:  1Z W62 W52 03 2682 4670

BILLING: P/P

USMS INSPECTED

RECD

MAR 3 1 2026

ANGL
CLERK
S.D.O

The UPS Store RFID Label

Tracking #

1ZW62W52082682 4670



US DISTRICT COURT SOUTHERN DIST
400 N MIAMI AVE
RM 8N09
MIAMI FL 33128