UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-26058-CIV-MARTINEZ

FRANK POLO,

        Plaintiff,

v.

JUAN FERNANDEZ BARQUIN, *et al.*,

        Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court on "Plaintiff's Motion to Revise Interlocutory Order Dismissing Count I Pursuant to Fed. R. Civ. P. 54(b)" [ECF No. 31]. Plaintiff asks the Court to revise its Order Adopting Magistrate Judge Reid's Report and Recommendation and dismissing Count I with prejudice [ECF No. 23], and reinstate Count I or dismiss Count I without prejudice and with leave to amend. (*See* Mot.). The Court has considered the Motion, the record, relevant law, and is otherwise fully advised. For the reasons stated below, the Motion is **DENIED**.

In Count I of Plaintiff's Amended Complaint, Plaintiff seeks "prospective declaratory and injunctive relief" under 42 U.S.C. § 1983 against Defendant Fernandez-Barquin in his official capacity as Miami-Dade County Clerk and Comptroller for what Plaintiff claims to be the "denial of access to courts and procedural due process" for the repeated rejection of case filings. (Am. Compl. [ECF No. 11] 3). Magistrate Judge Reid recommended that Count I be dismissed with prejudice because clerks of court have absolute immunity from civil actions — "whether for monetary damages or equitable relief[.]" (Report and Recommendation ("R&R") [ECF No. 21] 11–13 (quoting *Fuller v. Truncale*, 50 So. 3d 25 (Fla. 1st DCA 2010))). The R&R explains that Plaintiff was restricted from filing in the relevant proceeding by a court order, and the clerk of

court's rejection of Plaintiff's filings was action taken pursuant to that court order. (*See id.*). The R&R recommended dismissal with prejudice because Plaintiff's "claim is frivolous and any amendment would be futile." (R&R 13 n.3 (quoting *Fischer v. Rivera*, No. 0:19-CV-62499, 2022 WL 21778320, at *2 (S.D. Fla. Jan. 28, 2022))). The Court adopted Judge Reid's "well-reasoned" R&R after reviewing Plaintiff's objections [ECF No. 22]. (*See* [ECF No. 23]).

In his Motion, Plaintiff asks the Court to revise its Order Adopting the R&R [ECF No. 23], pursuant to Federal Rule of Civil Procedure 54 because (1) Plaintiff seeks prospective and declaratory, not monetary, relief for Count I, (2) the clerk of court's actions exceeded any court order, and (3) Plaintiff's allegation that no adequate remedy at law existed was not analyzed. (*See generally* Mot.). For the reasons explained below, Plaintiff's arguments are unavailing.

A court has the authority under Federal Rule of Civil Procedure 54(b) to reconsider a decision or order that adjudicates fewer than all the claims at any time before the entry of final judgment. Fed. R. Civ. P. 54(b). But Rule 54(b) does not require courts to revisit any decision upon request — it only provides that prior decisions "*may* be revised" before final judgment of all claims. *Id.* (emphasis added). "Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1343 (S.D. Fla. 2007) (quotation marks and citation omitted); *see Williams v. QuikTrip Corp.*, 817 F. App'x 743, 747 (11th Cir. 2020) ("The only grounds for granting a motion for reconsideration are newly-discovered evidence or manifest errors of law or fact." (alterations omitted)). The reconsideration decision is granted only in extraordinary circumstances and is "committed to the sound discretion of the district judge." *Tristar Lodging, Inc. v. Arch Specialty Ins. Co.*, 434 F. Supp. 2d 1286, 1301 (M.D. Fla. 2006)

(quoting *Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238–39 (11th Cir. 1985)) (internal quotations omitted).

The Court sees no reason to revise the Order adopting the R&R and dismissing Count I with prejudice. The R&R explains that whether Plaintiff is seeking declaratory or monetary relief, immunity will apply. (*See* R&R 11–13 (quoting *Fuller*, 50 So. 3d at 25)). It is also clear that the clerk of court was following the direction of a court order requiring Plaintiff's filings to be reviewed by a member of the Florida Bar before filing, and that Plaintiff knowingly and intentionally violated that court order. (*See id.* 12). Finally, Plaintiff's argument that he has no adequate remedy at law, including on appeal, does not change the analysis. Defendant Fernandez-Barquin is immune from suit because he was acting pursuant to a court order. (*See id.*). Thus, the Court correctly "agree[d] with Judge Reid's well-reasoned analysis" and dismissed Count I with prejudice. There is no need to revise the Order.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Revise Interlocutory Order Dismissing Count I Pursuant to Fed. R. Civ. P. 54(b) **[ECF No. 31]** is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 3 day of April 2026.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

cc:   counsel of record

3