UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-26058-CIV-MARTINEZ/REID

FRANK POLO,

   Plaintiff,

v.

JUAN FERNANDEZ BARQUIN, *et al.*,

   Defendants.

_____/

ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion for Leave to File Second Amended Complaint [ECF No. 35]. The Court has considered the Motion, the record, relevant law, and is otherwise fully advised. For the reasons stated below, the Motion is **DENIED**.

I.   **BACKGROUND**

Plaintiff Frank Polo commenced this action on December 22, 2025, with the filing of his Complaint, [ECF No. 1]. Plaintiff later filed an Amended Complaint [ECF No. 11], which was dismissed without prejudice [ECF No. 23]. Plaintiff now seeks leave to file a Second Amended Complaint. (*See* Mot.).

Though unclear, the Second Amended Complaint, like the Amended Complaint appears to allege facts arising from Plaintiff's family law case, *Hernandez v. Polo*, Case No. 2012-017787-FC-04 (Fla. 11th. Cir. Ct. Jul. 19, 2012) (the "Family Law Action"), which he tries to connect to other seemingly unrelated incidents. (*See generally* Second Amended Complaint ("SAC") [ECF No. 36]).

Plaintiff's Second Amended Complaint alleges three federal claims and three state claims against Defendants as follows: First Amendment Retaliatory Conspiracy/Joint Action pursuant to

42 U.S.C. § 1983 against Defendants Hernandez, Segarra, and Martinez (Count One); First Amendment Retaliation under 42 U.S.C. § 1983 against Defendants Hernandez and Segarra (Count Two); First Amendment Retaliation under 42 U.S.C. § 1983 against Defendants Hernandez and Martinez (Count Three); Breach of Implied-In-Fact Agreement against Defendant St. Thomas University, Inc. (Count Four); Tortious Interference with Contract against Defendant Scott Bernstein (Count Five); and Civil Conspiracy against Defendants St. Thomas University, Inc. and Scott Bernstein (Count Six). (*See generally* SAC).

## II.   **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 15(a), leave to amend a complaint "shall be freely given when justice so requires." *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984) (cleaned up). Leave to amend should be denied only in cases marked by undue delay, bad faith, or dilatory motive, futility of amendment, or undue prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Eleventh Circuit has stressed that "unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988) (citation omitted).

A "district court has unquestionable authority to control its own docket and broad discretion in deciding how best to manage the cases before it . . . ." *Guice v. Sec'y, Dep't of Lab.*, 754 F. App'x 789, 791 (11th Cir. 2018) (citing *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014)). And while the Court construes *pro se* pleadings liberally, *Lacy v. BP P.L.C.*, 723 F. App'x 713, 715 (11th Cir. 2018), liberal construction of such pleadings "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quotation omitted).

## III.   DISCUSSION

Plaintiff's Second Amended Complaint is not only a shotgun pleading but it fails to plead a cognizable claim against Defendants. The prior Report and Recommendation ("R&R") in this case [ECF No. 20], explained in detail why Plaintiff's Amended Complaint was a shotgun pleading and failed to state a claim. Plaintiff failed to cure any of the deficiencies identified in the R&R. (*See* SAC). Thus, his Motion for Leave to File a Second Amended Complaint must be denied.

### A.   Shotgun Pleading

There are four types of shotgun pleadings: (1) a "complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action."; (3) a complaint that does not separate "into a different count each cause of action or claim for relief"; and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. The leniency afforded to *pro se* litigants does not permit them to file an impermissible shotgun pleading. *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018).

Like Plaintiff's Amended Complaint, his Second Amended Complaint is "replete with conclusory, vague, and immaterial allegations." *See Barmapov v. Amuial*, 986 F.3d 1321, 1326 (11th Cir. 2021) (quoting *Weiland*, 792 F.3d at 1322–23). Plaintiff's complaint merges various seemingly unrelated events together to assert the improperly pleaded claims against Defendants.

3

(*See* SAC). As mentioned in the R&R, Plaintiff is no stranger to the concept of a shotgun pleading, having previously been dismissed by Senior District Judge Robert N. Scola, Jr. (ret.) no less than four times for this deficiency. *See* Second Omnibus Order, *Polo v. Bernstein, et al.*, No. 23-cv-21684-RNS (S.D. Fla. July 23, 2024), [ECF No. 55]. Similar to Plaintiff's complaint in his case before Judge Scola and his Amended Complaint here, in his Second Amended Complaint, a defendant who reads the complaint would be hard-pressed to understand "the grounds upon which each claim [against him] rests" due to Plaintiff's vague and conclusory allegations. *See Barmapov*, 986 F.3d at 1326 (quotes and citation omitted).

Plaintiff has been given multiple opportunities to properly plead his claims, both in the previous case before Judge Scola and here. Plaintiff's Motion for Leave to Amend can be denied on this basis alone. *See Barmapov*, 986 F.3d at 1328 ("[D]istrict courts are flatly forbidden from scouring shotgun complaints to craft a potentially viable claim for a plaintiff.") (Tjoflat, J., concurring). That said, Plaintiff also fails to properly allege his federal claims against Defendants.

### B.    Federal Claims

Plaintiff asserts three § 1983 claims against Defendants Hernandez, Segarra, and Martinez for allegedly retaliating against him for filing a federal lawsuit against them. (*See* SAC). A claim under 42 U.S.C. § 1983 requires the plaintiff to establish (1) the defendant acted under color of state law, and (2) the defendant's conduct deprived the plaintiff of a federally protected constitutional or statutory right. *See* 42 U.S.C. § 1983.

Plaintiff fails to state a § 1983 claim against Defendants because there is no indication in the Second Amended Complaint that Defendants are anything other than private actors — who cannot be held liable under § 1983 absent a showing that they acted "under color of state law[.]" *See, e.g., Thompson v. Hicks*, 213 F. App'x 939, 943 (11th Cir. 2007) (affirming dismissal of the

defendant because the defendant did not "deprive[] [the plaintiff] of a federal right . . . acting under color of state law . . . ."). Further, Plaintiff alleges no deprivation of a federal right. The actions in Plaintiff's Second Amended Complaint — recording a judgment and taking children on vacation — do not deprive Plaintiff of any federal right, and Plaintiff fails to link those actions to a deprivation of any cognizable federal right. This Court thus concludes that the Second Amended Complaint's allegations are baseless and without any arguable merit.

"Although a *pro se* civil rights plaintiff must be allowed to freely amend defective pleadings, it is not required when amendment would prove futile." *Wakefield v. City of Miami-Lakes*, No. 05-21862-CIV, 2006 WL 8432019, at *5 (S.D. Fla. Jan. 24, 2006) (citing *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004)). Here, considering the scope of the allegations set forth in the Second Amended Complaint, this Court cannot conceive of any possible basis on which the Second Amended Complaint could state a cause of action under § 1983. *See id.* Allowing Plaintiff leave to file the Second Amended Complaint, therefore, would be futile. *See id.* (dismissing *pro se* plaintiff's § 1983 complaint with prejudice for failure to state a claim because allowing plaintiff leave to amend would be futile); *Koff v. Butterworth*, 765 F. Supp. 716, 718 (M.D. Fla. 1991) (same).

## C. State Law Claims

The Court would not have jurisdiction over Plaintiff's remaining state law claims. Under 28 U.S.C. § 1367(a), a federal district court that has original jurisdiction over a civil action may exercise supplemental jurisdiction over additional claims that are so related to the original claims that they form part of the same case or controversy under Article III of the U.S. Constitution. *See* 28 U.S.C. § 1367(a). The Court lacks jurisdiction over state law claims that are not tied to a valid federal claim that could support supplemental jurisdiction. *See* 28 U.S.C. 1367(a).

Here, Plaintiff asserts three state court claims that are, at best, tenuously related to his Family Law Action and previous federal case. (*See* SAC). But because the federal claims alleged in Plaintiff's Second Amended Complaint are without merit, and Plaintiff has not alleged an independent basis for the Court's jurisdiction over the remaining claims, the Court does not have jurisdiction over the state law claims. *See Gonzalez v. Fla. Dep't of Highway Safety & Motor Vehicles Div. of Fla. Highway Patrol*, 237 F. Supp. 2d 1338, 1369 (S.D. Fla. 2002), *aff'd sub nom. Gonzalez v. Fla. Dep't of Hwy. Safety*, 45 F. App'x 886 (11th Cir. 2002) ("Because there are no remaining federal claims, this Court declines to exercise supplemental jurisdiction over the Plaintiffs' state law claims.").

## IV.   <u>CONCLUSION</u>

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Leave to File Second Amended Complaint [**ECF No. 35**] is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this $\underline{16}$ day of April 2026.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

cc:   Frank Polo, *pro se*
counsel of record