UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-26058-CIV-MARTINEZ/REID

FRANK POLO,

     Plaintiff,

v.

JUAN FERNANDEZ BARQUIN, *et al.*,

     Defendants.

_____/

## ORDER

**THIS MATTER** comes before the Court on Plaintiff, Frank Polo's *pro se* Motion for Reconsideration, [ECF No. 38]. Plaintiff asks the Court to reconsider its Order Denying Plaintiff's Motion to for Leave to File his Second Amended Complaint, [ECF No. 37]. (*See* Mot.). After careful consideration, the Court **DENIES** the Motion.

"Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1343 (S.D. Fla. 2007) (quotation marks and citation omitted); *see Williams v. QuikTrip Corp.*, 817 F. App'x 743, 747 (11th Cir. 2020) ("The only grounds for granting a motion for reconsideration are newly-discovered evidence or manifest errors of law or fact." (alterations omitted)). The reconsideration decision is granted only in extraordinary circumstances and is "committed to the sound discretion of the district judge." *Tristar Lodging, Inc. v. Arch Specialty Ins. Co.*, 434 F. Supp. 2d 1286, 1301 (M.D. Fla. 2006) (quoting *Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238–39 (11th Cir. 1985)) (internal quotations omitted). Parties "cannot use a . . . motion [for reconsideration] to relitigate old matters, raise argument or

present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005).

Plaintiff raises the same arguments in the instant Motion as he did in his Motion for Leave to File a Second Amended Complaint, [ECF No. 35]. (*See* Mot.). Any arguments that Plaintiff believes are new could have been raised in his original Motion for Leave. Plaintiff fails to identify an intervening change in law, new evidence, or any clear error or manifest injustice. (*See generally id.*). Thus, Plaintiff fails to meet the standard for reconsideration.

Accordingly, Plaintiff, Frank Polo's *pro se* Motion for Reconsideration **[ECF No. 38]** is **DENIED.**

**DONE AND ORDERED** at Miami, Florida, this 4 day of May 2026.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

cc:     all counsel of record
        Frank Polo, *pro se*

2